William P. WIGGINS, Plaintiff-Appellant,

v.

Richard S. SCHWEIKER, Secretary of the Department of Health and Human Services, Defendant-Appellee.

No. 81–7540.

United States Court of Appeals, Eleventh Circuit.

July 9, 1982.

Legal Services Corp. of Alabama, Gary Philip Jacobs, Montgomery, Ala., for plaintiff-appellant.

Calvin C. Pryor, Asst. U. S. Atty., Montgomery, Ala., for defendant-appellee.

Before INGRAHAM *, HATCHETT and ANDERSON, Circuit Judges.

* Honorable Joe Ingraham, U. S. Circuit Judge for the Fifth Circuit, sitting by designation.

1. The appellant contends that he is under a disability as defined by the Social Security Act

R. LANIER ANDERSON, III, Circuit Judge:

## I. FACTS AND PROCEEDINGS

The appellant, William P. Wiggins, is a 51-year old man who claims that various physical and psychological ailments [1] have totally and permanently disabled him from pursuing gainful employment. The appellant applied to the Social Security Administration for disability insurance benefits and for Supplemental Security Income disability benefits, and the Social Security Administration denied the appellant's applications. The appellant then requested a hearing before an Administrative Law Judge ("ALJ") to determine whether the appellant is entitled to the benefits he seeks. The ALJ ruled that the appellant was not permanently and totally disabled within the meaning of. the Social Security Act and therefore the appellant was not entitled to any Social Security benefits. When the Appeals Counsel of the Social Security Administration declined to review the ALJ's decision, that ruling became the final decision of the defendant-appellee Secretary of Health and Human Services ("Secretary").

The appellant thereafter sought judicial review of the Secretary's decision in the United States District Court for the Middle District of Alabama. The case was submitted to the district court on the pleadings, which included the administrative record, and the briefs of the parties. The district court found that the decision of the ALJ was supported by substantial evidence, and the court entered judgment in favor of the Secretary. The appellant claims that the ALJ erred in identifying and applying the relevant legal standards and that the district court should not have entered judgment for the Secretary. Finding errors of law in the opinion of the ALJ, we reverse the judgment of the district court and re-

because he suffers from rheumatoid arthritis, gouty arthritis, a hiatal hernia, a severe anxiety reaction, heart disease, and high blood pressure.

mand the case for reconsideration by the ALJ according to the proper legal standards.

## II.  STANDARD OF REVIEW

■■■ Our standard of review for appeals from the administrative denials of Social Security benefits dictates that "[t]he findings of the Secretary *as to any fact,* if supported by substantial evidence, shall be conclusive . . . ."  42 U.S.C.A. § 405(g) (West Supp. 1982) (emphasis added). *See Walden v. Schweiker,* 672 F.2d 835, 838, (11th Cir. 1982); *Smith v. Schweiker,* 646 F.2d 1075, 1076 (5th Cir. 1981).[2]  As is plain from the statutory language, this deferential standard of review is applicable only to findings of fact made by the Secretary, and it is well established that "no similar presumption of validity attaches to the Secretary's conclusions of law, including determination of the proper standards to be applied in reviewing claims." *Smith v. Schweiker,* 646 F.2d at 1076; *Western v. Harris,* 633 F.2d 1204, 1206 (5th Cir. 1981). *See Frith v. Celebrezze,* 333 F.2d 557, 560 (5th Cir. 1964). Failure to apply the correct legal standards or to provide the reviewing court with the sufficient basis to determine that the correct legal principles have been followed is grounds for reversal.[3]

## III.  FAILURE TO GIVE APPROPRIATE WEIGHT TO THE OPINION OF THE TREATING PHYSICIAN

In support of his claim of disability, the appellant introduced into the record two reports submitted by his treating physician, Dr. James F. Mracek, which contain diag-

noses, medical and treatment histories, laboratory and clinical findings, and a prognosis.  Dr. Mracek's second report concluded:

> Mr. Wiggins has attempted to work and after activity he has to remain in the bed for several days due to joint swelling and pain.  In my opinion, he is not capable of performing his usual work or sedentary work (lifting 10 pounds, carrying or lifting small objects, sitting 6 hours a day, walking or standing max. 2 hours).  It is my opinion that Mr. Wiggins has a progressive type disability which has shown no improvement and he is totally disabled.

Record on Appeal, vol. II, at 115.

■■ Our case law requires that unless good cause is shown to the contrary, the ALJ must accord "substantial weight" or "considerable weight" to the opinion, diagnosis, and medical evidence of the claimant's treating physician. *Walden v. Schweiker,* 672 F.2d 835, 840; *Smith v. Schweiker,* 646 F.2d at 1081; *Fruge v. Harris,* 631 F.2d 1244, 1246 (5th Cir. 1980).  Yet, the opinion of the ALJ in the present case does not mention Dr. Mracek, let alone reveal what weight, if any, the ALJ gave to the treating physician's evidence.

With respect to the appellant's claims of heart problems, the ALJ's opinion did refer to an *attachment* to Dr. Mracek's first report, a hospital discharge summary signed by Dr. Hiroshi Mitsuoka relating to appellant's hospitalization in 1976 for sharp, stabbing chest pains.  The ALJ concluded, however, based on the findings of consulting physicians, Drs. Lewis R. Pummer and J. P. Evans, who examined the appellant respectively on July 17, 1979, and November 5,

---

2.  In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc), this court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Id.* at 1209.

3.  We emphasize this point because of an apparent misperception of our role reflected in the brief of the appellee.  The appellant has clearly raised several objections to the legal

standards employed by the ALJ, yet the appellee's brief argues that the only issue before the court is whether there is substantial evidence in the record to support the decision of the ALJ.  Where an error of law has been made that might have affected the disposition of the case, this court cannot fulfill its statutory and constitutional duty to review the decision of the administrative agency by simply deferring to the factual findings of the ALJ.

1979, "that the medical evidence in this file establishes that the claimant has recovered from his myocardial infarction and at the present time does not have any significant cardiovascular problem." Record on Appeal, vol. II, at 16. The ALJ did not mention or even allude to Dr. Mracek's second report which contains physical findings that the appellant had chest pains in June, July, and August of 1979, and which diagnoses the appellant as having a "[h]istory of acute ME due to ASCHD."[4]

Moreover, with respect to the appellant's claims of disability due to arthritis, the ALJ's opinion states: "The *first* medical finding in this file involving the musculoskeletal system was in Dr. Pummer [sic] report (*Exhibit 17*) . . . ." Record on Appeal, vol. II, at 16–17 (emphasis added). This assertion completely ignores Dr. Mracek's first report (Exhibit 16), filed over a month before Dr. Pummer's report (Exhibit 17), that contains diagnoses of arthritis and a summary of the treatment for that disorder and the appellant's response to treatment ("unimproved").

■ The ALJ's opinion, thus, not only fails to mention the appellant's treating physician and the weight, if any, the ALJ gave to the treating physician's evidence and opinion, but also strongly suggests that the ALJ did not accord the opinion of the appellant's treating physician the weight required by law. At the very least, we are unable to determine whether the ALJ applied the proper legal standard and gave the treating physician's evidence substantial or considerable weight or found good cause not to do so. If we are to provide the parties with any sort of meaningful judicial review, we must be able to ascertain whether the ALJ correctly followed the law. Unable to divine this from the ALJ's opinion, we must reverse the district court and remand the case for reconsideration by the ALJ, who should evaluate all the evidence according to the respective weight required by law and should render a decision that will provide reviewing courts with the basis for determining that he applied the correct legal standards.

## IV. INCORRECT STANDARD FOR EVALUATING SUBJECTIVE COMPLAINTS OF PAIN

There is another reason why the judgment in favor of the Secretary must be reversed. The ALJ stated that the appellant's "subjective symptoms of chest pain, joint pain . . . [would] be conceded only insofar as the complaints are supported by clinical and laboratory diagnostic techniques." Record on Appeal, vol. II, at 15. The ALJ further observed that while pain by itself can be disabling, "[t]o be considered disabling within the purview of the Social Security Act, an impairment must be supported by medical findings which at least give probability to the allegations of pain as opposed to a possibility." *Id.* at 18. These simply are erroneous statements of the law. The Fifth and Eleventh Circuits have emphatically rejected the notion that to be disabling subjective claims of pain must be supported by objective medical evidence or by clinical or laboratory findings. *Walden v. Schweiker*, 672 F.2d 835, 840 ("It is well established in the Fifth and Eleventh Circuits that pain alone can be disabling, even when its existence is unsupported by objective evidence."); *Benson v. Schweiker*, 652 F.2d 406, 408–09 (5th Cir. 1981) ("This Court has held that subjective evidence of pain, as testified to by the claimant, when linked to a 'medically determinable impairment' may be sufficient to support a finding by the secretary of the inability to engage in any substantial gainful activity, although testimony about the claimant's pain is based on the purely subjective experience of the patient and the existence of pain itself is unsupported by

---

4. The appellant translates this diagnosis to mean a "history of acute myocardial infarction due to arteriosclerotic heart disease." *See* Brief of Appellant at 4 n.1. The appellee does not dispute this interpretation.

objective medical evidence."); *Ware v. Schweiker*, 651 F.2d 408, 412 (5th Cir. 1981) ("Thus, pain resulting from a 'medically determinable impairment,' even when its existence is unsupported by objective medical evidence, may of itself be so intense as to cause disability."); *Smith v. Schweiker*, 646 F.2d at 1082 ("As the ALJ's own words reveal, he apparently disregarded Smith's complaints of pain because they were unsupported by objective clinical and laboratory findings. This runs counter to the views voiced for years and years by this court recognizing that the claimant's subjective complaints of pain may not be disregarded simply because they are supported by objective, clinical and laboratory findings."); *Simmons v. Harris*, 602 F.2d 1233, 1236 (5th Cir. 1979) ("Though it is true that a finding that claimant suffers pain in fact does not necessarily foreclose attack on his credibility or require a finding of disability under the Act, it is equally true that pain alone can be disabling, even where its existence is unsupported by objective medical evidence.") (citation omitted); *Hayes v. Celebrezze*, 311 F.2d 648, 654 (5th Cir. 1963) ("It may be that the Examiner labored under the misapprehension asserted here by the Secretary's brief that subjective pain is insignificant. If so, perhaps he felt that since Dr. Holland stated that these 'complaints are not well substantiated *objectively*' there was no need for him to determine this point. But the statute does not require that disability or its cause be 'substantiated objectively.' Of course, it must be 'by reason of any medically determinable physical or mental impairment,' but modern medicine is neither so scientific nor so helpless today that it does not, or must, evaluate only objective factors.").

■ The cases cited by the appellee are inapposite. *Kirkland v. Weinberger*, 480 F.2d 46, 49 & n.2 (5th Cir.), *cert. denied*, 414 U.S. 913, 94 S.Ct. 255, 38 L.Ed.2d 155 (1973), held that "an unsubstantiated, contradictory and totally conclusory statement,"

"which asserts that ... [the claimant] was 'totally disabled' " would not by itself establish a medically demonstrable disability. *Kirkland* does not provide any support for the proposition that to be considered by the ALJ subjective complaints of pain must be supported by objective medical evidence. Although proof of disability under the Social Security Act requires proof of a "medically determinable physical or mental impairment," 42 U.S.C.A. §§ 416(i)(1) and 423(d)(1)(A) (West 1974 & Supp. 1982), this does not mean that every symptom or subjective complaint associated with a "medically determinable impairment" must be substantiated by objective medical evidence before the ALJ will consider whether that symptom causes the claimant to be "under a disability." The underlying impairment or the cause of the pain must be medically determinable; the complaints of pain themselves need not be supported by objective findings in order for the ALJ to consider whether the pain is disabling. In all the other cases cited by the appellee, the ALJ considered the claimant's complaints of pain but, in exercising the ALJ's responsibility to make credibility choices and factual findings, found that the pain was not as severe as claimed or not serious enough to be disabling under the Act.

■ The appellant in the present case testified about the considerable pain he had and how this prevented him from returning to his former job as a prison guard or pursuing any other employment. This pain could be and was linked (by Dr. Mracek's reports as well as in part by Drs. Pummer and Evans' reports) to "medically determinable impairments" (*e.g.*, arthritis, heart disease). The ALJ, of course, must make credibility determinations regarding the appellant's claims of pain. The ALJ, however, has no authority to reject appellant's claims of pain simply because these complaints were not "supported by clinical or laboratory diagnostic techniques." [5] Since

5. The appellant contends that the record contains clinical and laboratory support in the reports of Dr. Mracek for the appellant's claims of pain. We need not and do not pass on the

the ALJ apparently considered Wiggins' claims of pain only to the extent that there was objective clinical or laboratory evidence supporting such claims, and the law requires that the ALJ evaluate all such complaints regardless of whether they are supported by objective clinical or laboratory findings, we must reverse and remand.

## V. FAILURE TO CONSIDER COMBINED EFFECTS OF APPELLANT'S AILMENTS

The appellant correctly notes that the ALJ must consider not only the disabling effect of each of the appellant's ailments individually, but also the combined effect of all of the appellant's impairments. *Ferguson v. Schweiker*, 641 F.2d 243, 250 (5th Cir. 1981); *Brenem v. Harris*, 621 F.2d 688, 690 (5th Cir. 1980); *Strickland v. Harris*, 615 F.2d 1103, 1110 (5th Cir. 1980). The appellant further alleges that the ALJ failed to consider the combined effect and fragmentized his consideration of the appellant's ailments. The appellee concedes that the ALJ must consider the combined disabling effect but disputes that the ALJ failed to do so. Given our disposition of the case, we need not and do not decide whether or not the ALJ considered the combined effect of the appellant's impairments. On remand, the ALJ, of course, will consider the combined effect of the appellant's ailments and

his opinion should reflect his findings in this regard.

## VI. CONCLUSION

In summary, we hold that the ALJ's opinion fails to provide this court with a basis for determining whether he applied the correct legal standard in weighing the evidence submitted by the appellant's treating physician. We also hold that the ALJ applied the wrong legal standard when he considered the appellant's subjective complaints of pain only insofar as these were supported by objective medical findings. In light of these errors, the district court should not have granted judgment for the Secretary and the judgment of the district court is hereby

**REVERSED AND REMANDED.**

---

correctness of this contention because the appellant was not obligated to produce such evidence and the ALJ applied the wrong standard by erroneously requiring the appellant to introduce such evidence.