**Michael J. MEDEIROS, Plaintiff,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 86–C–0475–W.**

United States District Court, N.D. Alabama, W.D.

Sept. 30, 1986.

---

C. Michael Stilson, Thompson & Stilson, Tuscaloosa, Ala., for plaintiff.

Frank W. Donaldson, U.S. Atty., Jenny L. Smith, Asst. U.S. Atty., for defendant.

## MEMORANDUM OPINION

CLEMON, District Judge.

The plaintiff, Michael J. Medeiros, brings this action pursuant to the provisions of § 205(g) of the Social Security Act ("The Act"), 42 U.S.C. § 405(g), seeking review by this Court of the final decision of the Secretary of Health and Human Services denying his application for disability insurance benefits.

Plaintiff filed an application for disability insurance benefits on December 10, 1983, alleging that he became unable to work on October 20, 1983 as a result of a truck accident. The application was denied administratively, and an administrative law judge (ALJ) considered the case *de novo*.

On January 15, 1985 the ALJ found that the plaintiff was disabled within the meaning of the Act, and that he was entitled to a closed period of disability benefits. Subsequently, the Appeals Council rejected the findings and conclusions of the ALJ. On January 16, 1986, the Appeals Council found that despite the plaintiff's impairments, he was capable of performing sedentary work within 12 months of the date of his accident. Thus, the final decision of the Secretary of Health and Human Services was that the plaintiff was not entitled to a closed period of disability benefits.

The sole function of this Court is to determine whether the decision of the Secretary is supported by substantial evidence and whether proper legal standards were applied. *Wiggins v. Schweiker*, 679 F.2d 1387 (11th Cir.1982). Having carefully reviewed the record, this Court is of the opinion that the decision of the Appeals Council is not supported by substantial evidence and that the Appeals Council misapplied controlling legal principles. Therefore, the decision must be remanded.

### Discussion

The plaintiff was involved in a motor vehicle accident on October 20, 1983, in which he sustained multiple injuries including a broken collar bone, two broken knees, nerve damage to the right leg, contusions, lacerations, and injuries to his left arm. He underwent emergency surgery on both legs at Rush Hospital in Meridian, Alabama. Tr. 56. Both of his legs were placed in casts, and he later had to receive a tendon transfer to his right ankle. Tr. 57. He was confined to a bed for several months, and subsequently attempted to walk with the assistance of a walker, and later crutches. *Id.* In August, 1984, 10 months after his injury, the plaintiff began walking with a cane, but he could only walk a distance of 30 feet. Tr. 59.

At the hearing before the ALJ, medical records were introduced from the plaintiff's treating physician, Dr. Hilliard. Also, Dr. Griffin, a vocational expert, testified about the plaintiff's work and educational history, his motivation level, and about his period of recuperation from the accident. Based on the medical records and testimony, the ALJ concluded that the plaintiff was entitled to a closed period of benefits from the date of the accident until November 21, 1984, when the plaintiff attempted to work part time.

The Appeals Council rejected the ALJ's findings and conclusions on January 16, 1986, basing its decision almost entirely on an August 27, 1984 letter in which Dr. Hilliard stated that the plaintiff could "return to work at limited capacity with no long periods of standing, heavy lifting, bending or stooping." Ex. 22. As a result of this letter, the Appeals Council concluded that the plaintiff had the residual functional capacity to perform sedentary work. Tr. 6. The Appeals Council then determined that "[b]ased on the plaintiff's age, education, relevant work experience, and

residual functional capacity, Rule 201.28, Table No. 1, Appendix 2, Subpart P, Regulation No. 4 is applicable and directs a conclusion that he was not disabled as of August 27, 1984." *Id.* Thus plaintiff was deemed not to be entitled to disability benefits because he was not precluded from engaging in any substantial gainful activity for a period of at least 12 months. *Id.*

The decision of the Appeals Council must be reversed and remanded because its conclusion that the plaintiff had the residual functional capacity to perform sedentary work on August 27, 1984 is not supported by substantial evidence, and because it failed to apply proper legal standards.

The decision is not supported by substantial evidence for three reasons. First, while Dr. Hilliard did indicate in his August 27, 1984 letter that the plaintiff could return to work, that work was to be *at limited capacity.* Ex. 22. The plaintiff was not to stand for long periods of time or do any heavy lifting, bending, or stooping. More importantly, Dr. Hilliard said the plaintiff "should rest about every hour, for at least 10 minutes" and should not "carry materials which might cause him to fall." *Id.* These limitations reveal that the plaintiff did not have the residual functional capacity for a full range of sedentary jobs.

Second, Dr. Hilliard himself, in a follow-up letter on December 21, 1984, noted that a 13 month recovery period was not "an inordinate amount of time considering the degree of [plaintiff's] injuries and the therapy he received." Ex. 23. Further, Dr. Hilliard said that the plaintiff "returned to work before what normally would have been expected for injuries of this severity." Ex. 23. These statements indicate that the plaintiff continued to be disabled through November 21, 1984.

Finally, Dr. Griffin, the vocational expert at the hearing before the ALJ, and the person in the best position to know the availability of jobs in the national economy for people of differing capabilities, testified that the plaintiff's 13 month recovery period was "a very reasonable period of time." Tr. 65. If jobs existed in the economy for a person with the plaintiff's residual functional capacity prior to November 21, 1984, then the 13 month recovery would not have been reasonable. Since Dr. Griffin felt that the recovery period *was* reasonable and that the plaintiff may even have attempted to return to work *too soon,* Tr. 65, the evidence suggests that the plaintiff did not have the residual functional capacity to perform sedentary work prior to November 21, 1984. The decision of the Appeals Council to the contrary is not supported by substantial evidence.

The Appeals Council also misapplied controlling legal principles in two ways. First, the Appeals Council was not free to disregard the findings of a treating physician. In *Parker v. Bowen,* the Court said:

> We have repeatedly held that the Secretary must accord "substantial" or "considerable" weight to the opinion of a claimant's treating physician unless 'good cause' is shown to the contrary ... As we explained in *Broughton,* '[i]t is not only legally relevant but unquestionably logical that the opinions, diagnosis and medical evidence of a treating physician whose familiarity with the patient's injuries, course of treatment, and responses over considerable length of time, should be given considerable weight.' 793 F.2d 1177, 1180 (11th Cir.1986) (quoting *Broughton v. Heckler,* 776 F.2d 960, 961 (11th Cir.1985)) (quoting *Smith v. Schweiker,* 646 F.2d 1075, 1081 (5th Cir. 1981)).

Here, the opinions of Dr. Hilliard were not accorded proper weight by the Appeals Council. The Appeals Council not only failed to credit Dr. Hilliard's opinion that the plaintiff could only work at limited capacity, but also completely dismissed Dr. Hilliard's opinion that the plaintiff returned to work sooner than could reasonably be expected. By discounting the findings of Dr. Hilliard, the Appeals Council applied an erroneous legal standard.

Second, it was improper for the Appeals Council to rely solely on a grid rule in this

case. As the Court indicated in *Francis v. Heckler*, 749 F.2d 1562, 1566 (11th Cir. 1985):

> Exclusive reliance on grids is not appropriate either when claimant is unable to perform a full range of work at a given residual functional level or when a claimant has non-exertional impairments that significantly limit basic work skills.

In our case, the evidence shows that the plaintiff was unable to perform a full range of sedentary work. He could not handle a job requiring much walking or carrying of certain materials, and he was not permitted to work more than 50 minutes each hour. Further, according to Dr. John Buckley, a consulting orthopedic surgeon, the plaintiff's right knee was the site of advanced degenerative change, and the plaintiff was experiencing discomfort and some loss of motion in certain joints as of September 12, 1984. Ex. 17. Dr. Buckley determined that the plaintiff had a permanent partial disability rating of 45 percent of the right lower extremity and 22 percent of the left lower extremity. *Id.* Since the plaintiff's ability to use his feet or legs was impaired, it was improper for the Appeals Council to rely exclusively on a grid rule meant for people who can perform a full range of work at a given residual level, and who have only exertional impairments.

It was incumbent upon the Appeals Council to give "full consideration . . . to all of the relevant facts in the case in accordance with the definitions and discussions of each factor in the appropriate sections of the regulations." 20 C.F.R. § 200.00(e)(2), Subpart P, Appendix 2. Having failed to give full consideration to those factors, the decision of the Appeals Council must be remanded for further findings.

For the foregoing reasons it is clear that the decision of the Appeals Council is neither supported by substantial evidence nor consistent with applicable legal principles. Accordingly, the decision of the Secretary must be remanded. A separate order embodying this conclusion shall issue.