Kevin BARRY, SS # 156–46–2830, Plaintiff,

v.

Donna E. SHALALA, Secretary of Health and Human Services, Defendant.

No. 92 Civ. 7596 (SWK).

United States District Court, S.D. New York.

Dec. 23, 1993.

MFY Legal Services, Inc., New York City by Jill Ann Boskey, for plaintiff.

Mary Jo White, U.S. Atty., New York City by Lorraine S. Novinski, for defendant.

## MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

This is an action to review a decision of the Secretary of Health and Human Services (the "Secretary") denying plaintiff's claim that the money he received from panhandling be excluded in calculating the amount of his disability benefits. Both parties moved for judgment on the pleadings and, on February 8, 1993, the matter was referred to Magistrate Judge Kathleen A. Roberts for Report and Recommendation.

On August 13, 1993, Magistrate Judge Roberts issued a Report and Recommendation (the "Report"), advising that plaintiff's panhandling income was "unearned," and recommending that plaintiff's motion for judgment on the pleadings be denied and

defendant's motion be granted. Subsequently, on August 23, 1993, the Court received plaintiff's Objections to the Magistrate Judge's Report and Recommendation (the "Objections"). On September 15, 1993, the Court also received defendant's letter to the Court responding to plaintiff's Objections. In accordance with Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1)(C), the Court has reviewed *de novo* those portions of the Report to which the plaintiff has objected. Upon consideration, the Court holds that plaintiff's panhandling income is "earned income," and therefore is to be excluded in calculating his disability benefits. Accordingly, plaintiff's motion for judgment on the pleadings is granted and defendant's motion is denied.[1]

## BACKGROUND [2]

Plaintiff Kevin Barry ("Barry") is a disabled individual who suffers from paralysis of his dominant right arm, a personality disorder and organic brain syndrome resulting from a history of drug abuse. In March 1990, Barry applied for Supplemental Security Income ("SSI") based on disability. From the time of his application and through August 1990, Barry supported himself by walking down a line of cars stopped at a traffic light at Triangle Park in the Bowery on a daily basis and asking people for money. As a result of these panhandling activities, Barry earned $250 per month.

Although his application for disability benefits initially was denied, upon reconsideration the Secretary determined that Barry had been disabled since March 1, 1990, and granted his application for benefits. In calculating the amount of plaintiff's retroactive SSI benefits, however, the Secretary treated plaintiff's income from panhandling as "un-

earned" income, and therefore reduced the amount of monthly benefits by $230 dollars, reflecting plaintiff's monthly panhandling income minus the $20 general income disregard set forth in the Social Security Act (the "Act") and Regulations. *See* 42 U.S.C. § 1382a(b)(2)(A). This calculation was affirmed on reconsideration on January 18, 1991. Subsequently, on September 10, 1992, the Administrative Law Judge ("ALJ") upheld the Secretary's calculation, finding that the money plaintiff collected from panhandling was unearned income.[3] This decision became the final decision of the Secretary on August 13, 1992, when the Appeals Council denied plaintiff's request for review.

## DISCUSSION

### I.  Standard of Review

The Report accurately sets forth the standard of review of the Secretary's decision. *See* Report at 8. Section 205(g) of the Social Security Act provides that: "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g).[4] "This deferential standard of review is inapplicable, however, to the Secretary's conclusions of law. 'Where an error of law has been made that might have affected the disposition of the case, this [C]ourt cannot fulfill its statutory and constitutional duty to review the decision of the administrative agency by simply deferring to the factual findings of the ALJ.'" *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir.1984) (quoting *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 n. 3 (11th Cir.1982)).

### II.  The Social Security Act and 1972 Amendments

The Social Security Amendments of 1972 (the "Amendments")[5] provide payments to

---

1.  The Court declines to rule on whether the Secretary may charge the plaintiff with any overpayment, as that matter has not been properly placed before it. *See* 42 U.S.C. § 405(g).

2.  The following facts are taken from the Report and the Objections.

3.  Specifically, the ALJ concluded that the money plaintiff collected from his panhandling activities was unearned income because plaintiff's "activities clearly do not resemble work," and panhandling "involves no gainful structured activity for

which compensation is usually paid." *See* transcript of the administrative record filed as part of the Secretary's answer ("Tr.") at 14. The ALJ held further that panhandling is not a trade because "there is no skill involved in panhandling for which compensation would normally be paid." *Id.*

4.  Section 205(g) is applicable to the SSI by 42 U.S.C. § 1383(c)(3).

5.  The Amendments are codified in Title XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq.*

disabled persons whose income and resources do not exceed specified amounts. 20 C.F.R. § 416.110(a). The purpose of the Amendments is to provide

> 1. An income source for the aged, blind, and disabled whose income and resources are below a specified level; 2. Incentives and opportunities for those able to work or to be rehabilitated that will enable them to escape from their dependent situations; and 3. An efficient and economical method of providing this assistance.

H.R.Rep. No. 231, 92d Cong., 2d Sess., *reprinted in* 1972 U.S.C.C.A.N. 4989, 5133. The amount of benefits provided to eligible individuals is determined on the basis of the individual's current income, and is calculated by subtracting the individual's nonexcludable income from a statutory benefit level. 42 U.S.C. § 1382(b).

In order to determine whether an individual's income is excludable, income is separated into two categories under the Act: earned and unearned. Earned income is defined as, among other things, "net earnings from self-employment." 42 U.S.C. § 1382a(a)(1)(B). "Net earnings from self-employment" is defined further as "the gross income, as computed under subtitle A of the Internal Revenue Code of 1954 derived by an individual from any trade or business." 42 U.S.C. § 411(a). Unearned income is defined as "all other income, including . . . gifts." 42 U.S.C. § 1382a(a)(2). A gift is "something you receive which is not repayment to you for goods or services you provided and which is not given to you because of a legal obligation on the giver's part." 20 C.F.R. § 416.-1121(g).

In calculating the SSI benefit amount, the first $20 of monthly income, whether earned or unearned is excluded. 42 U.S.C. § 1382a(b)(2)(A). For those individuals under age 65 who are disabled but not blind, the balance of any earned income is subject to an additional exclusion of $65.00, and then a final exclusion of one-half of the remainder thereof. 42 U.S.C. § 1382a(b)(4)(B). As these additional exclusions do not apply to unearned income, however, plaintiff's SSI benefits are greater if his panhandling income is treated as earned, rather than unearned income.

## III. The Report

In her Report, Magistrate Judge Roberts determined that, as the money plaintiff received from panhandling is a gift rather than self-employment income derived from a trade or business, the money constitutes unearned income pursuant to section 1382a(a)(2) of the Act. Magistrate Judge Roberts initially considered and dismissed plaintiff's contention that the money he received from panhandling is not a gift because he provided certain "services" to the individuals who gave him money. The Magistrate Judge found that there was no evidence that plaintiff provided any such services to these individuals. Accordingly, she concluded that:

> Because the evidence presented by plaintiff, as well as the lack of evidence, supports the Secretary's conclusion that plaintiff provided no goods or services, and that the persons who gave him money were under no moral or legal obligation to do so, plaintiff's panhandling income falls squarely within the definition of gift contained in the regulations, 20 C.F.R. § 416.-1121(g). . . .

Report at 19.

Magistrate Judge Roberts next considered plaintiff's contention that his panhandling income constitutes "net earnings from self-employment," defined as the gross income from a trade or business. As a threshold matter, Magistrate Judge Roberts acknowledged that "the meaning of the term 'trade or business' when used with reference to self-employment income or net earnings from self-employment under the Social Security Act is the same as that under the Internal Revenue Code." Report at 19–20; *see also* 42 U.S.C. § 411(c); 20 C.F.R. § 404.1066. While Magistrate Judge Roberts noted that plaintiff's panhandling activities "arguably meet[ ] the literal requirements of carrying on a trade or business under the Internal Revenue Code," *see* Report at 20, she stated that "the definition of trade or business un-

der the Internal Revenue Code must be applied in a manner that is consistent with and furthers the purpose of the excludable income provisions of the Amendments, *i.e.,* to encourage gainful employment," *id.* Magistrate Judge Roberts concluded that "it is inconceivable that Congress intended to encourage panhandling and begging, which the Second Circuit has characterized as 'nothing less than a menace to the common good.'" *Id.* (quoting *Young v. New York City Transit Auth.,* 903 F.2d 146, 156 (2d Cir.), *cert. denied,* 498 U.S. 984, 111 S.Ct. 516, 112 L.Ed.2d 528 (1990)). Accordingly, she found that plaintiff's panhandling income constitutes unearned, rather than earned income.

## IV. Plaintiff's Benefits

■ Plaintiff contends that the Magistrate Judge, like the Secretary below, erred in considering whether plaintiff's income is a gift before considering whether his income is "earned" within the meaning of the Act. *See* Objections at 4. The Court agrees. An examination of the language of the Act compels the conclusion that Congress intended to include as "earned" income only that money which fits into one of the following five categories:

> (A) wages as determined under section 203(f)(5)(C); (B) net earnings from self-employment, as defined in section 211 ...; (C) any refund of Federal income taxes made by reason of section 32 of the Internal Revenue Code of 1954 ...; (D) remuneration received for services performed in a sheltered workshop or work activities center; and (E) any royalty earned by an individual in connection with any publication of the work of the individual, and that portion of any honorarium which is received for services rendered....

42 U.S.C. § 1382a(a)(1). If an individual's income does not fit within one of the above-mentioned categories, it constitutes unearned income, which is defined as "all other income," including gifts. 42 U.S.C. § 1382a(a)(2). Accordingly, the Court must first consider whether plaintiff's panhandling income qualifies as earned income before

reaching the question of whether that income is an unearned gift.

Plaintiff contends that his income is earned as it consists of self-employment income from a trade or business. As the Magistrate Judge noted, the definition of "trade or business" when used with reference to self-employment income under the Act is the same as that under the Internal Revenue Code. Report at 19–20; *see also* 42 U.S.C. § 411(c); 20 C.F.R. § 404.1066. Thus, the Court looks to the meaning of "trade or business" as defined by the Internal Revenue Code in deciding whether plaintiff's panhandling activities constitute earned income.

The definition of "trade or business" under the Internal Revenue Code was analyzed by the United States Supreme Court in the case, *Commissioner v. Groetzinger,* 480 U.S. 23, 107 S.Ct. 980, 94 L.Ed.2d 25 (1987). Although the *Groetzinger* court acknowledged that "resolution of this issue 'requires an examination of the facts in each case,'" *id.* at 36, 107 S.Ct. at 987 (quoting *Higgins v. Commissioner,* 312 U.S. 212, 217, 61 S.Ct. 475, 478, 85 L.Ed. 783 (1941)), it held that, as a general rule, "to be engaged in a trade or business, the taxpayer must be involved in the activity with continuity and regularity and that the taxpayer's primary purpose for engaging in the activity must be for income or profit." [6] *Id.* The Court also emphasized that "[s]kill was required and was applied." *Id.*

■ In this case, plaintiff's panhandling activities fall squarely within the *Groetzinger* definition of "trade or business." Plaintiff begged for money with continuity and regularity, as well as with the purpose of obtaining income. He treated panhandling as a "serious business. Like any structured activity, he reported to a particular location every day and performed a particular set of behaviors." Tr. at 86. In addition, the Court finds that plaintiff's activities required a degree of skill in selecting the optimum location and convincing members of the public to contribute money. In short, plaintiff's panhandling operation required considerable

---

6. The *Groetzinger* court rejected any definition of "trade or business" that involved the selling of

goods or services. *See id.* 480 U.S. at 34, 107 S.Ct. at 986.

effort. Accordingly, the Court finds that plaintiff's income constitutes earned income under the Act.[7]

### CONCLUSION

For the reasons set forth above, plaintiff's motion for judgment on the pleadings is granted and defendant's motion for judgment on the pleadings is denied. This case is hereby remanded to the Secretary to calculate and pay the underpayment due for the period of March through August 1990.

SO ORDERED.

---

**7.** Magistrate Judge Roberts acknowledged that plaintiff's panhandling activities fit within the literal requirements of carrying on a trade or business. The Magistrate Judge held, however, that panhandling was not a trade or business under the Act because "the definition of trade or business under the Internal Revenue Code must be applied in a manner that is consistent with and furthers the purpose of the excludable in-

come provisions of the Amendments, *i.e.*, to encourage gainful employment." Report at 20. While the Court agrees that panhandling arguably does not constitute "gainful employment," it declines to read such a requirement into the definition of "trade or business" in view of the broad definition given to this term by the Supreme Court. *See Commissioner v. Groetzinger,* 480 U.S. at 35, 107 S.Ct. at 987.