Field v. HHS                           CV-93-289-B    08/30/94
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE


Cora Field

        v.                          Civil Action No. 93-289-B

Donna E. Shalala, Secretary
of Health & Human Services


                          **O R D E R**

        Cora Field challenges a final decision of the Secretary of

Health and Human Services granting her application for

Supplemental Security Income under Title XVI of the Social

Security Act, 42 U.S.C. 1381, et seq. but denying her Social

Security Disability Insurance Benefits under Title II of the Act,

42 U.S.C. 423.  She contends that the Administrative Law Judge

erroneously determined that she became disabled after her insured

status for Title II benefits had expired.  As I conclude that the

ALJ applied the wrong legal standard in determining the onset

date of Field's disability, I reverse the Secretary's decision

and remand it for further proceedings consistent with this order.

                    **I.  BACKGROUND**

        Field suffers from panic attacks and severe agoraphobia

which she alleges became disabling on October 15, 1989.  Based on

the evidence presented at her disability hearing, the ALJ

concluded that Field was currently disabled.  However, he determined that Field's disability did not begin until March 19, 1991, the date on which she first began receiving treatment for these conditions.  Field's disability insured status for Title II benefits expired approximately one year before that date.  As a result, Field was granted Title XVI benefits but denied Title II benefits.

The sole issue before me is the correctness of the ALJ's onset date determination.

## II.  **Standard of Review**

Pursuant to 42 U.S.C.A. § 405(g), the court is empowered to "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." The Secretary's factual findings "shall be conclusive if supported by 'substantial evidence.'"  Irlanda Ortiz v. Secretary of Health & Human Servs., 955 F.2d 765, 769 (1st Cir. 1991)(quoting 42 U.S.C. § 405(g)).[1]  The court therefore must

---

[1]The Supreme Court has defined 'substantial evidence' as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 91 S. Ct. 1420, 1427 (1971).  "This is something less than the weight of the evidence, and the possibility of drawing two inconsistent

"'uphold the Secretary's findings . . . if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support [the Secretary's] conclusion.'" Id. (quoting Rodriquez v. Secretary of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981)). The Secretary is also responsible for determining credibility issues, drawing inferences from the record evidence, and resolving conflicts in this evidence. Irlanda Ortiz, 955 F.2d at 769 (citing Rodriquez, 647 F.2d at 222). However, "'[w]here an error of law has been made that might have affected the disposition of the case, this court cannot fulfill its statutory and constitutional duty to review the decision of the [Secretary] by simply deferring to the factual findings of the ALJ.'" Townley v. Heckler, 748 F.2d 109, 112 (2d Cir. 1984) (quoting Wiggins v. Schweiker, 679 F.2d 1387, 1389 n.3 (11th Cir. 1982). See also Anderson v. Secretary of Health & Human Services, 634 F. Supp. 967, 971 (D. Mass. 1984); Slessinger v. Secretary of Health & Human Servs., 835 F.2d 937, 939 (1st Cir. 1987). "Failure to apply the correct legal standards is grounds for reversal."

---

conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." Consolo v. Federal Maritime Comm'n, 86 S. Ct. 1018, 1026 (1966).

3

<u>Townley</u>, 748 F.2d at 112; <u>see also</u> <u>Emory v. Sullivan</u>, 936 F.2d 1092, 1093 (10th Cir. 1991).

### III.  <u>ANALYSIS</u>

Field contends that the ALJ erroneously determined the onset date of her impairment as March 19, 1991.  Specifically, Field argues that this determination is (i) not supported by substantial evidence; (ii) that the ALJ erred in not giving controlling weight to her treating physician's opinion regarding her onset date; and (iii) and that the ALJ erred by evaluating her subjective complaints against the standards set out in <u>Avery</u> and Social Security Ruling 88-13 rather than 20 C.F.R. §404.1529. I need not address these arguments because, as a threshold matter, I conclude that the ALJ applied the wrong legal standards in determining the onset date of her disability.[2]

Social Security Ruling ("SSR") 83-20 sets out the standards an ALJ must apply to determine the onset date of a claimant's

---

[2]As the ALJ will presumably reanalyze Field's claim in light of this order, I need not determine whether his present decision is supported by substantial evidence.  On remand, however, I suggest that the ALJ comply more closely with the legal standards that govern each aspect of his analysis, including those relating to subjective pain complaints and the opinions of various medical personnel.  Mere citation of these standards will not withstand review.

4

disability.[3]  For disabilities of "traumatic origin", the determination is relatively straightforward -- the onset date is the date of injury.  SSR 83-20, 1983 WL 31249, at *2  (S.S.A. 1983).  For injuries of "nontraumatic origin", such as the mental disability at issue here, the Ruling requires the ALJ to weigh the "applicant's allegations, work history, if any, and the medical and other evidence concerning impairment severity."  Id.

The "starting point" for this analysis is "the individual's statement as to when the disability began."  Id.  The ALJ must compare this date with the onset date, if any, established by the claimant's work history and the medical evidence on record. According to the Ruling,

> the date alleged by the individual should be used if it is consistent with all the evidence available.  When the medical or work evidence is not consistent with the allegation, additional evidence may be needed to reconcile the discrepancy.  However, the established onset date must be fixed based on the facts and can never be inconsistent with the medical evidence of record.

Id. at *3.  See generally, Pugh v. Bowen, 870 F.2d 1271, 1274 (7th Cir. 1988); Lichter, 814 F.2d at 434-35.

_____

[3]Once published, a ruling is binding on all components of the Social Security Administration.  Heckler v. Edwards, 465 U.S. 870, 873 n.3 (1984); Lichtor v. Bowen, 814 F.2d 430, 435 n.5 (7th Cir. 1987).

5

While the Ruling emphasizes the importance of objective medical evidence, it acknowledges that oftentimes the claimant's first relevant medical record is his or her diagnosis. In these situations, the Ruling precludes the ALJ from simply disregarding or discrediting the claimant's allegations. See SSR 83-20 at *3; Lichter, 814 F.2d at 434-35. Instead, where the nature of a claimant's impairment indicates that it might have become disabling prior to its diagnosis date, the ALJ must determine the date on which "it is most reasonable to conclude from the evidence that the impairment was sufficiently severe to prevent the individual from engaging in" substantial gainful activity. SSR 83-20 at *3.

The Ruling commits this determination to the ALJ's "informed judgment." Id. However, the ALJ's decision "must have a legitimate [factual and] medical basis." Id. Specifically, the ALJ must ensure that the record is adequately developed and that he or she does not make inferences which require medical expertise. Where the onset date must be inferred from "the medical and other evidence describing the history and symptomatology of the disease process," the ALJ is required to retain a medical advisor's assistance. Id. at *2, *3; Pugh, 870 F.2d at 1278 n. 9; Morgan v. Sullivan, 945 F.2d 1079, 1082-83

6

(9th Cir. 1991). Finally, the ALJ must offer a "convincing rationale" for the onset date ultimately selected. SSR 83-20 at *3.

In Field's case, the ALJ cited 20 C.F.R. §404.1521, "Avery and Ruling 88-13," and then rejected Field's alleged onset date for two reasons. First, the ALJ determined that there was a "lack of objective medical evidence before March 19, 1991" documenting Field's panic disorder. The ALJ found that the only medical evidence on record from this period -- emergency admission records relating to an attempted suicide in 1983 and a drug and alcohol overdose in December 1989 -- described discrete episodes of "acute decompensation due to situational depression," not objective manifestations of a longstanding panic disorder. Second, the ALJ discounted Field's subjective complaints because the record did not indicate that "she required any medication or any on-going treatment for panic attacks or anxiety prior to March 19, 1991," and did not mention her panic attacks when examined during 1983 and 1989. He also noted that her work stoppage on October 15, 1989 did not support her claimed functional limitations because, contrary to her hearing testimony, she had previously told her treating physicians that she had been laid off for economic reasons. The ALJ concluded

7

that "when considered as a whole, the record fails to demonstrate that the claimant" exhibited a severe impairment on or before March 31, 1990, the date her disability insurance expired. Instead, "in the [ALJ's] opinion, the onset of disability established by this record is March 19, 1991 when the claimant began receiving treatment for [her] condition . . . ."

The ALJ's failure to explicitly rely on SSR 83-20 does not by itself require remand. Lichter, 870 F.2d at 1274. In this case, however, the ALJ's reasoning also fails to comport with SSR 83-20's substantive requirements. Rather than determine whether Field's alleged date was consistent with the other record evidence, the ALJ primarily rejected this date simply because the record evidence did not affirmatively support it. Yet SSR 83-20 precludes the ALJ from rejecting Field's alleged date on this ground. To reject Field's alleged date, the ALJ must determine that it conflicts with the other evidence on record. See, e.g., Swanson v. Secretary of Health & Human Servs., 763 F.2d 1061, 1064-65 (9th Cir. 1985); Pugh, 870 F.2d at 1278. Moreover, if the medical evidence is ambiguous, the ALJ must retain a medical advisor to assist him in inferring a reasonable onset date and then determine whether this inferred date is consistent with Field's allegations. Morgan, 945 F.2d at 1082-83. The ALJ took

8

neither of these steps.  The medical evidence and work history cited by the ALJ also are not clearly inconsistent with Field's alleged onset date.[4]  See Lichter, 814 F.2d at 435-36.  I therefore reverse his decision denying her Title II benefits and remand the case for a redetermination of her onset date.

## IV.  CONCLUSION

For the foregoing reasons, I deny the Secretary's motion to affirm her decision (document no. 9), grant Field's motion to reverse the Secretary's determination as to the onset date of her disability, and remand for further proceedings consistent with this order.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

August 30, 1994
cc:  Ellen Gordon, Esq.
     Patrick Walsh, Esq.

_____

[4]Even if the evidence the ALJ discussed could be construed as inconsistent with Field's alleged date, I would nevertheless reverse and remand the ALJ's decision.  This evidence does not present the ALJ with a clear chronology from which he could determine, without a medical advisor's assistance, that Field's mental impairment did not become disabling until after her insured status had expired.  Cf. Pugh, 870 F.2d at 1278 n. 9.

9