748 F.2d 109
 7 Soc.Sec.Rep.Ser. 236, Unempl.Ins.Rep. CCH 15,622
Jack P. TOWNLEY, Plaintiff-Appellant,
v.
Margaret HECKLER, Secretary of the United States Department
of Health and Human Services, Defendant-Appellee.
 No. 70, Docket 84-6128.
 United States Court of Appeals,
Second Circuit.
 Submitted Sept. 24, 1984.
Decided Nov. 15, 1984.
 
 Andrew M. Rothstein, Elmira, N.Y., for plaintiff-appellant.
 Salvatore R. Martoche, U.S. Atty., W.D.N.Y., Rochester, N.Y. (Frank P. Geraci, Jr., Asst. U.S. Atty., Rochester, N.Y., of counsel), for defendant-appellee.
 Before FRIENDLY, MESKILL and PIERCE, Circuit Judges.
 PIERCE, Circuit Judge:
 
 
 1
 This is an appeal from an order of the United States District Court for the Western District of New York, Michael A. Telesca, Judge, affirming the decision of the Secretary of Health and Human Services (Secretary) which denied appellant certain disability benefits. Appellant argues that there is no substantial evidence to support the findings of the Administrative Law Judge (ALJ) that he is not disabled and implicitly alleges that the ALJ applied the incorrect law. Appellant further alleges that the ALJ denied him procedural due process by basing his decision on evidence procured subsequent to the hearing, evidence which he was not permitted to confront and challenge.
 
 
 2
 We hold that the ALJ denied appellant procedural due process. We also hold that the ALJ applied the incorrect standard in reaching his conclusion that the appellant is not disabled. Consequently, we reverse the order of the district court and remand for further proceedings.
 
 BACKGROUND
 
 3
 On March 25, 1981, appellant Townley filed an application for disability benefits under Sec. 223 of the Social Security Act, as amended, 42 U.S.C. Sec. 423, and for a period of disability under Sec. 216(i) of the Social Security Act, as amended, 42 U.S.C. Sec. 416(i). His application was denied, and he applied for reconsideration and a hearing upon review of his claim. A hearing was held before an Administrative Law Judge (ALJ), who considered the case de novo. On April 12, 1982, the ALJ affirmed the denial of benefits. This decision became final when it was affirmed by the Appeals Council on July 16, 1982. The Secretary's decision was then appealed to the district court, which denied appellant's application for a period of disability and disability insurance benefits. This appeal followed.
 
 
 4
 Appellant Townley is 55 years old and has an eighth grade education; he alleges disability as of September 29, 1980, based upon impairment of his right leg. Townley was hospitalized twice during the fall of 1980, with complaints of pain and numbness and a history of ulcer-like sores on his leg. Five doctors examined appellant and generally agreed that he suffered from chronic thrombophlebitis and severe cellulitis. In addition, they agreed that appellant could not tolerate activities which required sitting with his legs down for more than two hours or standing for extended periods of time.
 
 
 5
 Prior to the onset of this physical condition, appellant worked as a tractor-trailer driver. This required him to drive approximately three and a half hours at a time, unload trucks, and lift up to one hundred pounds. Appellant testified that, because of his health status, he now is unable to perform his previous work, is limited to fifteen minutes of standing or walking and one-half hour of sitting at a time, and can lift between twenty and twenty-five pounds.
 
 
 6
 Subsequent to the hearing, to aid in evaluating claimant's eligibility for disability benefits, the ALJ sent written interrogatories (including a hypothetical question)[1], the medical evidence, and a copy of the administrative record to Donald J. McDonald, a vocational expert for the Department of Health and Human Services. McDonald classified appellant's former truckdriving job as semi-skilled, requiring medium exertional work. In response to the hypothetical question posed by the ALJ, the expert determined that appellant possesses several skills which are transferable to a range of semi-skilled jobs, requiring sedentary or light exertional work. McDonald listed ten jobs which he asserted appellant could perform with these transferable skills and further stated that the identified ten jobs existed in significant numbers in the national economy.
 
 
 7
 After receiving McDonald's response on December 30, 1981, on January 4, 1982, the ALJ wrote to appellant's attorney and informed the attorney that he believed "the assistance of a vocational expert [was] necessary in order to arrive at a fair decision." While not mentioning that he had already received the expert's response, the ALJ asked appellant's attorney to submit additions or objections to the interrogatories posed to the expert. Appellant's attorney replied by letter dated January 7, 1982 and submitted two suggestions to the ALJ. He requested that the expert be asked to define the terms "light exertion" and "sedentary exertion" and he requested a modification in the hypothetical question describing appellant's daily activities to reflect the fact that "what we do in the home allows us to do so at our own pace, taking into consideration any limitations imposed upon us by impairments." The record does not reflect whether these suggestions were sent to the vocational expert.
 
 
 8
 In the same letter to the ALJ, appellant's attorney requested that he be permitted to cross-examine the expert at a hearing. On March 1, 1982, the ALJ replied that the expert could not attend a hearing for several months, invited further questions, and stated his intention to decide the case on the record.
 
 
 9
 By decision dated April 12, 1982, the ALJ found that appellant suffers from a severe impairment diagnosed as thrombophlebitis. Although the ALJ concluded that appellant could not return to his previous employment, he made no explicit finding concerning the level of exertion appellant was capable of sustaining. In finding that appellant is not entitled to a period of disability or disability benefits, he relied on the report of the vocational expert and found that appellant was able to perform a number of jobs available in the national economy requiring sedentary or light exertional effort.
 
 
 10
 The district court reviewed the evidence and concluded that the ALJ's determination was supported by substantial evidence. Furthermore, the district court found that appellant's "due process arguments [did] not require a remand." The district court did not, however, consider whether the ALJ utilized the proper standard in concluding that appellant is not disabled.
 
 
 11
 On appeal, Townley renews his claims of a due process violation, insubstantiality of evidence, and application of the incorrect law. After review, we reverse and remand.
 
 DISCUSSION
 
 12
 It is not the function of a reviewing court to determine de novo whether a claimant is disabled. The Secretary's findings of fact, if supported by substantial evidence, are binding. 42 U.S.C. Sec. 405(g) (1983); Rivera v. Schweiker, 717 F.2d 719, 723 (2d Cir.1983); Aubeuf v. Schweiker, 649 F.2d 107, 112 (2d Cir.1981); Parker v. Harris, 626 F.2d 225, 231 (2d Cir.1980). This deferential standard of review is inapplicable, however, to the Secretary's conclusions of law. "Where an error of law has been made that might have affected the disposition of the case, this court cannot fulfill its statutory and constitutional duty to review the decision of the administrative agency by simply deferring to the factual findings of the ALJ." Wiggins v. Schweiker, 679 F.2d 1387, 1389 n. 3 (11th Cir.1982). Failure to apply the correct legal standards is grounds for reversal. Id.
 
 
 13
 In the instant case, the appellee's decision was not in conformity with the regulations promulgated under the Social Security Act, 42 U.S.C. Sec. 405(g). The Social Security Act provides disability payments to claimants who are unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. Sec. 423(d)(1)(A). Prior to adoption of regulations implementing this definition in February, 1979, 20 C.F.R. Subpart P, Secs. 404.1501-1539 and Apps. 1 & 2 (1980), the Secretary would consult a vocational expert to determine a claimant's eligibility for disability benefits. Pursuant to the 1979 regulations, however, "where the findings of fact made with respect to a particular individual's vocational factors and residual functional capacity coincide with all of the criteria of a particular rule, the rule directs a conclusion as to whether the individual is or is not disabled." 20 C.F.R. Subpart P, Sec. 200.00; SSR Sec. 82-41 (1979) (emphasis added). The regulations were promulgated "in an attempt to attain greater consistency in [disability] decisions," Decker v. Harris, 647 F.2d 291, 294 (2d Cir.1981), by mandating certain conclusions if specific sets of findings of fact are made. Id. at 296.
 
 
 14
 Under the regulations, several initial determinations must be made to evaluate a claimant's eligibility for benefits. When a disability claimant suffers from a severe impairment precluding return to his former employment but which does not automatically qualify him for benefits under 20 C.F.R. Sec. 404.1521(d) (1984), the Secretary, or in cases at the hearing or Appeals Council level, the ALJ, is to make a specific finding of the claimant's residual functional capacity for sedentary, light, medium, heavy, or very heavy exertional work. 20 C.F.R. Sec. 404.1546 (1984).
 
 
 15
 Once such a determination is made, the rules for decision specified in 20 C.F.R. Sec. 404, App. 2, should be applied. Based upon the individual's residual functional capacity, the claimant's vocational abilities, i.e. his age, education, and work experience, including his transferable skills, and based on the availability of jobs within the national economy corresponding to the alternative functional levels of exertion, the rules yield a conclusion of disabled or not disabled. 20 C.F.R. Sec. 200.00 (1984). Only if the findings of fact about a claimant do not fall within the categories specified in the Appendix are the rules inapplicable. 20 C.F.R. Sec. 404.1569 (1984).
 
 
 16
 Herein, the ALJ did not make the requisite determination which would have enabled him to apply the regulations. The ALJ relied on the vocational expert and made no express finding himself of appellant's residual functional capacity. Thus, the ALJ violated 20 C.F.R. Sec. 404.1546, which specifically states that in cases at the hearing level, "the responsibility for deciding [a claimant's] residual functional capacity rests with the administrative law judge."
 
 
 17
 Furthermore, while the vocational expert may give advice regarding the availability of various types of jobs within the national economy, herein McDonald stated that Townley was qualified to fill ten jobs, five of which required "light work." The Secretary's regulations state that a job is in the "light work" category when "it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. Sec. 404.1567. However, the hypothetical and medical evidence transmitted by the ALJ to McDonald described Townley as a man who "cannot stand or sit with his legs down for more than two hours at a time." This effectively rules out light exertion jobs and limits the appellant to "sedentary work." Consequently, Townley was able to perform only five of the ten jobs which the vocational expert told the ALJ appellant was qualified to fill with his transferable skills.
 
 
 18
 Moreover, the vocational expert based his listing of jobs on an outdated edition of the Dictionary of Occupational Titles (DOT). Employment and Training Administration, U.S. Dept. of Labor, Dictionary of Occupational Titles, 3d ed. (1965). The Secretary's regulations specify that the D.O.T. may be used for taking "administrative notice of reliable job information." 20 C.F.R. Sec. 404.1566(d)(1). The D.O.T. contains detailed descriptions of the skills and tasks involved in every job. A supplemental work, Employment and Training Administration, U.S. Dept. of Labor, Selected Characteristics of Occupations Defined in the D.O.T. (1981), contains important data as to the mathematics, language, and specific vocational preparation requirements for each job. The vocational expert, however, based his listing of jobs on the Third Edition of the D.O.T., published in 1965, although a Fourth Edition had been in circulation since 1977. Employment and Training Administration, U.S. Dept. of Labor, Dictionary of Occupational Titles, 4th ed. (1977). The differences between the Third and Fourth Editions are substantial. The Fourth Edition requires a much higher level of mathematical and verbal skills for most of the jobs at issue than did the Third Edition. If the Fourth Edition had been used, three jobs listed by the vocational expert would have been eliminated. Without those jobs requiring light, as opposed to sedentary exertional effort, as well as those jobs whose skill requirements would be beyond Townley's capacity according to the Fourth Edition of the D.O.T., only two jobs remain for which Townley might be qualified.
 
 
 19
 Thus, appellant's first claim, that the ALJ failed to apply the rules as mandated by the Social Security regulations, is clearly substantiated.
 
 Due Process Claim
 
 20
 As an alternative ground for reversal, appellant Townley urges that he was denied due process by the ALJ's deciding the case on evidence not adduced at the hearing.
 
 
 21
 To determine a claimant's residual functional capacity, the Secretary is empowered to hold hearings to assess the degree to which the individual's impairment may affect his ability to function in a work setting. 42 U.S.C. Sec. 405(b). Where a hearing is held, the Secretary's decision must be based on evidence adduced at the hearing, 20 C.F.R. Sec. 416.1441, subject to certain exceptions. Gullo v. Califano, 609 F.2d 649, 650 (2d Cir.1979) citing Richardson v. Perales, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (permitting use of physician's report received by Secretary prior to administrative hearing). Herein, the ALJ used a post-hearing vocational report as the primary evidence upon which benefits were denied. This is evidenced by the ALJ's reopening of the record after the hearing to enter correspondence from the vocational expert indicating that appellant possesses skills that are transferable to ten jobs, existing in significant numbers in the national economy, and which require light or sedentary exertional work.
 
 
 22
 Use of such a post-hearing report violates a claimant's due process rights. "The interest of an individual in continued receipt of [Social Security disability benefits] is a statutorily created 'property' interest protected by the Fifth Amendment." Mathews v. Eldridge, 424 U.S. 319, 332, 96 S.Ct. 893, 901, 47 L.Ed.2d 18 (1975). Thus, a disability benefits claimant has a right to cross examine the author of an adverse report and to present rebuttal evidence. Treadwell v. Schweiker, 698 F.2d 137, 143 (2d Cir.1983); Allison v. Heckler, 711 F.2d 145, 147 (10th Cir.1983); Gullo v. Califano, 609 F.2d 649 (2d Cir.1979); Lonzollo v. Weinberger, 534 F.2d 712, 714 (7th Cir.1976). Appellant's attorney, however, was not informed of the need for expert vocational evidence until after the report was filed with the ALJ. Further, appellant was denied an opportunity to examine that vocational report, and, despite claimant's request, no additional hearing was held. Although the ALJ asked appellant's attorney to submit objections and additions to the interrogatories posed to the vocational expert, there is no evidence that the attorney's suggestions were ever forwarded. Moreover, appellant was denied his due process rights to cross-examine the expert and to present rebuttal evidence.
 
 
 23
 The Secretary's attempt to distinguish the cases requiring a right to cross-examination or to rebuttal as cases dealing with medical reports, as opposed to vocational reports, is unpersuasive. Richardson v. Perales, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971), relied on by the government, in fact belies the effort. While the Richardson Court upheld the admission of consultants' reports, it did so only in cases when they are "subject ... to the use of the subpoena and consequent cross-examination." Id. at 410, 91 S.Ct. at 1431. We therefore hold that appellant's due process rights were violated herein.
 
 CONCLUSION
 
 24
 For the foregoing reasons, we reverse the judgment of the district court and remand, with directions to remand to the appellee for further expedited proceedings consistent herewith.
 
 The hypothetical question stated:
 
 25
 Assume a person is 53 years of age, has had eight years of education and has been employed as a tractor trailer driver for 36 years; assume that his work duties included lifting up to 100 pounds, walking two hours, standing two hours, sitting for four hours with frequent bending and reaching; assume that he formerly had thrombophlebitis in his right leg but that residuals of this illness lead to swelling of his right ankle and leg, sometimes causing ulcerations; assume that he cannot stand or sit with his legs down for more than two hours at a time as this would cause swelling and fluid accumulation in the leg and ankle; assume that he can wash windows for 15 to 20 minutes at a time; assume that he can mow a lawn on a riding lawn mower; assume that he [can] clean out a small rabbit pen including pushing a wheelbarrow 100 feet with 1 inch of rabbit waste in it; assume that he can lift and carry up to 25 pound[s]; assume that he is most comfortable sitting with his right leg extended and resting on a stool; assume that he experiences pain in his leg but that aspirin relieves the pain; are there any jobs in the Elmira geographical area and the national economy that the claimant can do with these limitations? If so, name the jobs and their number.