160 F.3d 137
 59 Soc.Sec.Rep.Ser. 13
 ABBOTT RADIOLOGY ASSOCIATES; Javaid Asgher, M.D., P.C.;
Bailey Radiology, P.C.; Batavia Radiology Group, P.C.;
Buffalo General X-Ray Associates; Clarence Sheridan
Radiology Group, P.C.; Elmwood Radiologists, P.C.;
Diagnostic Imaging Associates; Saleh A. Petouh, d/b/a
Breast Screening Center of WNY, M.D., P.C.; A. Paul
Greiner, M.D., P.C.; Harlem Radiology, P.C.; Lancaster
Radiology; Meadowlands Imaging Group, P.C.; Millard
Fillmore Hospital Radiologists, M.D., Billing Agent;
Niagara Radiologists, P.C.; North Tonawanda X-ray Center,
P.C.; Nuclear Medicine Associates; Olean Radiology
Associates, P.C.; Alvin M. Panahon, M.D.; Radiologic
Physicians Of W.N.Y., P.C.; C. Riggio, M.D.; Riggio &
Tetwesky, M.D.S., P.C.; Sisters Diagnostic Imaging
Associates; Southtowns Radiological Group, P.C.; Gowanda
Radiologists; Lakeshore Radiologists; Hamburg
Radiologists; Tremont Radiological Group, and Ultrasound
Associates, Plaintiffs-Appellants,
v.
Donna E. SHALALA, as Secretary of the Department of Health
and Human Services and Department of Health and
Human Services, Defendants-Appellees.
 Docket No. 97-6322.
 United States Court of Appeals,
Second Circuit.
 Argued Aug. 31, 1998.
Decided Nov. 13, 1998.
 
 Robert J. Lane, Jr., Buffalo, NY (Ellen V. Weissman, Hodgson, Russ, Andrews, Woods, & Goodyear, LLP, Buffalo, NY, of counsel), for Plaintiffs-Appellants.
 David A. Rawson, Assistant Regional Counsel, Office of the General Counsel, Department of Health and Human Services, New York City (Patrick H. NeMoyer, United States Attorney for the Western District of New York, Buffalo, NY, of counsel), for Defendants-Appellees.
 BEFORE: NEWMAN, CARDAMONE and PARKER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Abbott Radiology Associates, et al. ("Plaintiffs"), appeal from a judgment of the United States District Court for the Western District of New York (Carol E. Heckman, Magistrate Judge ) entered November 20, 1997 in accordance with a decision and order of the same day granting summary judgment in favor of Donna E. Shalala, as Secretary of the Department of Health and Human Services (the "Secretary"), and the Department of Health and Human Services (together with the Secretary "Defendants"). Abbott Radiology Assocs. v. Shalala, 992 F.Supp. 212 (W.D.N.Y.1997).
 
 
 2
 On May 23, 1994, Plaintiffs commenced this action against Defendants, alleging that the Secretary had improperly calculated Plaintiffs' reimbursement for services rendered under the Medicare statute and regulations by applying the doctrine of "comparability." See 42 U.S.C. § 1395u(b)(3)(B); 42 C.F.R. § 405.508. After a series of adverse carrier rulings, Plaintiffs sought a hearing before a Health And Human Services ("HHS") Administrative Law Judge ("ALJ"), which was held on March 24 and 25, 1992. On June 25, 1992, ALJ Margaret Quinn denied Plaintiffs' requests for review and reopening of their reimbursement determinations. Plaintiffs' appeal to the HHS Appeals Council was unsuccessful.[1] In a November 20, 1997 decision and order, Magistrate Heckman affirmed ALJ Quinn's June 25, 1992 determination.
 
 
 3
 On appeal, Plaintiffs make substantially the same arguments asserted before the Magistrate Judge, which can be summarized as follows: (1) the Secretary's comparability policy is inconsistent with and in violation of the comparability statute and regulation; (2) the Secretary's interpretation of the Medicare statute and regulation represents an arbitrary and capricious alteration unsupported by a justification in the administrative record; (3) the ALJ's decision finding that the carrier "took into account" physician charges when setting its private insurance plan rates of reimbursement and the Magistrate's affirmance of the ALJ were not supported by substantial evidence; (4) the Secretary violated the Administrative Procedure Act and Medicare statute by failing to promulgate her interpretation of the comparability policy by notice and comment rulemaking; and (5) the ALJ's decision and the Magistrate's affirmance erred in denying Plaintiffs' request for reopening of claims arising from reimbursement determinations made between October 1, 1985 and March 29, 1989. As a result of all these arguments, Plaintiffs contend that the Magistrate erred in according deference to the Secretary's interpretation of the statute and regulation at issue.
 
 
 4
 We review the district court's affirmance of the ALJ's ruling de novo. See Townley v. Heckler, 748 F.2d 109, 112 (2d Cir.1984). In doing so, we review the ALJ's decision to determine whether it applied the correct legal principles and is supported by "substantial evidence." See, e.g., Johnson v. Bowen, 817 F.2d 983, 985 (2d Cir.1987).
 
 
 5
 We affirm the judgment of the district court for substantially the same reasons stated in the Magistrate Judge's thorough decision.
 
 
 6
 The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 Subsequently, Plaintiffs have filed a series of requests for review of their Medicare reimbursements every six months since the first request was filed in 1989, pursuant to the six month limitations period for review of Medicare payments imposed by 42 C.F.R. § 408.807. These requests have thus far resulted in eight adverse ALJ decisions based on the hearing held by ALJ Quinn in 1992. Further, all of these decisions have been appealed to the Appeals Council, seven of which have been determined adversely to Plaintiffs as of the time of this appeal