**Michelle A. GILBERT, Plaintiff,**

v.

**Kenneth S. APFEL, Commissioner of Social Security, Defendant.**

No. 98–CV–6239L.

United States District Court, W.D. New York.

Sept. 30, 1999.

Albert R. Christiano, Christiano and Brennan, Rochester, NY, for Michelle A. Gilbert, plaintiff.

Brian M. McCarthy, AUSA, United States Attorney, Rochester, NY, for Kenneth S. Apfel, Commissioner of Social Security, defendant.

*DECISION AND ORDER*

LARIMER, Chief Judge.

## INTRODUCTION

This is an action brought pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to review the final determination of the Commissioner of Social Security ("the Commissioner") that plaintiff was not disabled under the Social Security Act, and therefore, was not entitled to disability benefits. The Commissioner has moved for judgment on the pleadings pursuant to FED.R.CIV.P. 12(c), and plaintiff has moved for summary judgment pursuant to FED.R.CIV.P. 56. For the reasons outlined below, the Court finds that the Commissioner's decision was not supported by substantial evidence and accordingly remands the matter for calculation of benefits.

## PROCEDURAL BACKGROUND

Plaintiff Michelle A. Gilbert ("Gilbert") applied for Social Security disability benefits on September 28, 1994 and for supplemental security income ("SSI") benefits on November 10, 1994. (T.95–98, 117–120).[1] The Social Security Administration denied her applications initially and upon reconsideration. (T. 99–102, 121–124). Plaintiff requested a hearing before an administrative law judge ("ALJ"), and a hearing was held in the case on July 9, 1996. (T. 53–94). On September 27, 1996, the ALJ issued a decision in which she found that plaintiff had the residual functional capacity to perform the full range of sedentary work and therefore was not entitled to disability benefits or SSI. (T. 13–36). The ALJ's decision became the final decision of the Commissioner on April 23, 1998 when the Appeals Council denied plaintiff's request for review. (T. 5–6). Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) of the Social Security Act, plaintiff commenced this action on June 2, 1998, seeking review

by this Court of the Commissioner's final decision.

## FACTUAL BACKGROUND

Gilbert was born on October 28, 1961. (T. 95). Claiming that she has been unable to work since December 11, 1989 due to chronic back and neck pain and spasms, plaintiff seeks disability benefits and SSI. (T. 103). Gilbert has a tenth grade education and received a general equivalency diploma. (T. 57). She formerly worked as a nurse's aide, and at a restaurant. (T. 57–58).

The medical records contained in the file delineate a long history of plaintiff's complaints of back and neck pain. She sought treatment for her pain from physicians and a chiropractor. The Commissioner concedes that both Dr. John Buckley and Dr. Richard Dobson were two of Gilbert's treating physicians.

Dr. Dobson noted that plaintiff suffered from injuries to the lower lumbar discs, especially at the L4–5 and L5–6 levels, and soft tissue injury in the neck, shoulders, and lower back. (T. 212). He further noted various "trigger point areas" within the muscle that are palpable and very tense. (*Id.*). Those trigger points were noted to be in the L5–S1 paraspinal area (T. 222), the right sternoclido mastoid muscle, the right trapezius, and right rhomboid muscles. (T. 223). He additionally observed that a test conducted in September 1995 "showed evidence suggesting left C7 nerve root impairment," although he further noted that the results of that test were "somewhat equivocal." (*Id.*). According to Dr. Dobson, tests performed at Strong Memorial Hospital revealed abnormal conduction in the left C7 nerve root. (T. 214). Dr. Dobson opined that plaintiff was "most likely" suffering from chronic soft tissue pain secondary to the motor vehicle accident she had. (T. 226).

---

**1.** "T. ___" refers to the page of the transcript of the Administrative Record filed by the

Commissioner with his Answer.

Dr. Buckley noted tenderness on palpation in the upper thoracic, cervical and lumbar regions, and muscle spasms. (T. 167). Dr. Buckley diagnosed Gilbert with cervical, thoracic and lumbar back pain. (T. 166).

Notwithstanding these findings, the ALJ denied benefits, noting that "the summary opinions of Drs. Buckley and Dobson, being based on symptoms which are deemed not credible, are not dispositive of a finding of disability." (T.35). She further found that plaintiff had the residual functional capacity to perform sedentary work. (*Id.*).

## DISCUSSION

### A. *The Standard of Review*

■ The first issue to be determined by this Court is whether the Commissioner applied the correct legal standard. *Tejada v. Apfel,* 167 F.3d 770, 773 (2d. Cir.1999); *see also Johnson v. Bowen,* 817 F.2d 983, 986 (2d Cir.1987) (holding that the court must first review the ALJ's decision for correct legal principles before applying the substantial evidence standard to uphold a finding of no disability); *see also Townley v. Heckler,* 748 F.2d 109, 112 (2d Cir.1984) ("[f]ailure to apply the correct legal standards is grounds for reversal").

The only other issue to be determined by the Court is whether the Commissioner's conclusions are supported by substantial evidence. *See Townley,* 748 F.2d at 112 ("It is not the function of a reviewing court to determine *de novo* whether a claimant is disabled. The [Commissioner's] findings of fact, if supported by substantial evidence, are binding"). Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (*quoting Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)).

### B. *The Standard for Determining Disability*

A person is "disabled" under the Act and therefore entitled to benefits, when he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3). To qualify for benefits, the disability must be the result of an anatomical, physiological or psychological abnormality demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D). Such a disability will be found to exist only if an individual's impairment is "of such severity that [s]he is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

■ Plaintiff bears the initial burden of showing that her impairment prevents her from returning to her previous type of employment. *Berry v. Schweiker,* 675 F.2d 464, 467 (2d Cir.1982). Once this burden has been met, "the burden shifts to the [Commissioner] to prove the existence of alternative substantial gainful work which exists in the national economy and which the [plaintiff] could perform." *Id.; see also, Dumas v. Schweiker,* 712 F.2d 1545, 1551 (2d Cir.1983); *Parker v. Harris,* 626 F.2d 225, 231 (2d Cir.1980).

The Second Circuit has described the five-step process through which the Commissioner makes a determination as follows:

First, the Commissioner considers whether the claimant is currently engaged in substantial gainful activity. Where the claimant is not, the Commis-

sioner next considers whether the claimant has a "severe impairment" that significantly limits her physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment that is listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant has a listed impairment, the Commissioner will consider the claimant disabled without considering vocational factors such as age, education, and work experience; the Commissioner presumes that a claimant who is afflicted with a listed impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, she has the residual functional capacity to perform her past work. Finally, if the claimant is unable to perform her past work, the burden then shifts to the Commissioner to determine whether there is other work which the claimant could perform.

*Tejada v. Apfel,* 167 F.3d at 774.

Here, the ALJ found that plaintiff was not engaged in substantial gainful activity (T. 34), and that her condition constituted a severe impairment. (*Id.*). Plaintiff's claim therefore survived the first two steps of the Commissioner's inquiry. The ALJ next determined that Gilbert "does not have an impairment . . . listed in or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4." (*Id.*). The ALJ also found that Gilbert had the residual functional capacity to perform the full range of sedentary work. (*Id.*). While I conclude that the ALJ adhered to the appropriate analytical framework, I do not find that she applied the correct legal principles. Even if the ALJ had applied those principles correctly, the remaining issue in this case would be whether substantial evidence supported the Commissioner's determination that plaintiff, despite her impairments, had the residual

functional capacity to perform the full range of sedentary work.

### C. *The Parties' Arguments and the Court's Findings*

The Commissioner's motion, under FED. R.CIV.P. 12(c) for judgment on the pleadings, is based primarily on the argument that because plaintiff's alleged impairments did not prevent her from engaging in substantial, gainful activity, the decision that plaintiff is not disabled is supported by substantial evidence and should be affirmed under 42 U.S.C. §§ 405(g), and 1383(c)(3).

In plaintiff's motion, under FED.R.CIV.P. 56, plaintiff argues that the ALJ's determination that plaintiff is not disabled is not supported by substantial evidence. Plaintiff further contends that: (1) the medical records establish that plaintiff has degenerative cervical and lumbar disk disease that is equal to Listing 1.05(C)—Other Vertebrogenic Disorders; (2) the opinions of plaintiff's treating physicians regarding plaintiff's residual functional capacity and disability are entitled to conclusive weight; and (3) the ALJ improperly substituted its medical opinion for those opinions of plaintiff's treating physicians.

The Commissioner counters that the opinion of a treating physician is only entitled to controlling weight if that opinion is supported by medically accepted tests, and is consistent with other substantial evidence. The Commissioner asserts that the opinions of plaintiff's treating physicians fail to satisfy those requirements.

### *The Treating Physician Rule*

Gilbert argues that the ALJ improperly rejected the conclusions of her treating physicians, Dr. Buckley and Dr. Dobson. Drs. Buckley and Dobson both determined that, because of the effects of Gilbert's chronic back and neck pain, she is permanently and totally disabled. (T. 217, 225, 230, 241, 260, 280). It has long been recognized that a treating source's opinion is entitled to some extra weight in claims

for Social Security disability benefits. The opinion of a treating physician is given controlling weight if it is well supported by medical findings and not inconsistent with other substantial evidence. *Rosa v. Callahan*, 168 F.3d 72, 78 (2d.Cir.1999); *see also Clark v. Commissioner*, 143 F.3d 115, 118 (2d Cir.1998) (citing 20 C.F.R. § 404.1527(d)(2)[2]). In analyzing a treating physician's report, "the ALJ cannot arbitrarily substitute [her] own judgment for competent medical opinion," nor can she "set [her] own expertise against that of a physician who submitted an opinion or testified before [her]." *Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir.1998) *citing McBrayer v. Secretary of Health and Human Servs.*, 712 F.2d 795, 799 (2d Cir. 1983); *see also Wagner v. Secretary of Health and Human Servs.*, 906 F.2d 856, 862 (2d Cir.1990) ("a circumstantial critique by [a] non-physician[ ], however thorough or responsible, must be overwhelmingly compelling" to justify a denial of benefits).

The recent Second Circuit decision in *Rosa v. Callahan*, 168 F.3d 72, supports plaintiff's general proposition:

> The ALJ here improperly "set [her] own expertise against that of" the treating physician. (citation omitted). Indeed, as a "lay person[ ]," the ALJ simply was not in a position to know whether the absence of muscle spasms would in fact preclude the disabling loss of motion described by [the treating physician] in his assessment. (footnote and citation omitted). Accordingly, we find nothing so "overwhelmingly compelling" in the ALJ's critique of [the treating physician's] findings as to permit the Commissioner to "overcome" an otherwise valid medical opinion. (citation omitted).

Similarly, in this case, the ALJ appears to have substituted her opinion for that of the treating physicians. Despite the findings of the treating physicians in this case, the ALJ declared of one of Dr. Dobson's opinions: "It is fair to say that this is over-interpretation of the test results available to him." (T. 28). The ALJ further speculated that Dr. Dobson included citations of findings that were "out of context in a manner which exaggerates their significance." (T. 30). If the regulations governing the weight to be accorded a treating physician's findings are to continue to have any value, an ALJ should not be allowed to usurp the role of the physician.

That certain consulting physicians may not have arrived at the same findings as the treating physicians does not necessarily alter the result. The Second Circuit has refused to uphold an ALJ's decision which rejected a treating physician's diagnosis merely on the basis that other examining doctors reported no similar findings. *See Rosa v. Callahan*, 168 F.3d at 81; *see also Carroll v. Secretary*, 705 F.2d 638, 643 (2d Cir.1983) (finding in favor of claimant, where claimant's treating physician reported that the claimant suffered from various impairments preventing him from meeting the demands of a certain type of work, and ALJ disregarded that finding, because three remaining doctors who had examined the claimant reached no such conclusions).

In cases in which the Commissioner determines that a medical source opinion is *not* well-supported, the regulations require the ALJ to accord the physician's statements some extra weight based upon several factors. 20 C.F.R. §§ 404.1527(d)(2),

---

**2.** The regulations, applicable at the time of the ALJ's decision, and which were first promulgated in 1991, state: "If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). Although these regulations have somewhat diluted the strength of the original rule, the ALJ must still give great deference to a treating physician's finding on disability.

416.927(d)(2).[3] The factors cited in the regulations include the length of the treatment relationship, the nature and extent of the relationship, the supportability of the source's opinion, the consistency with other medical evidence in the record, whether the opinion involves the speciality of the physician, and any other factors that might be relevant. *Id.* The ALJ failed to accord the opinions of Drs. Buckley and Dobson any extra weight based on any of these factors, however.

In this case, the ALJ expressly rejected the opinions of not one but two treating physicians. (T. 32). The ALJ's decision never evaluated whether those opinions were entitled to compelling weight, nor evaluated the factors outlined in the regulations to assign the opinions of Dr. Buckley and Dr. Dobson any additional weight. This was clear error that requires reversal. *See Downs v. Apfel,* 9 F.Supp.2d 230, 233 (W.D.N.Y.1998) (remanding matter for further proceedings including consideration of treating physician's opinion).

■ I understand that some kinds of findings, "including the ultimate finding of whether a claimant is disabled and cannot work" are reserved to the Commissioner, and that a treating physician's statement that a claimant is disabled cannot itself be determinative. *Snell v. Apfel,* 177 F.3d 128, 133 (2d Cir.1999). However, because I find the opinions of Drs. Buckley and Dobson well-supported, no purpose would be served by remand for any further development of the record by the Commissioner. I, therefore, remand the matter for calculation of benefits. *See Schaal v. Apfel,* 134 F.3d 496, 504 (2d Cir.1998) ("[w]here application of the correct legal standard could lead to only one conclusion, we need not remand").

---

3. The regulations provide: "When we do not give the treating source's opinion controlling weight, we apply the factors listed below, as well as the factors in paragraphs (d)(3) through (5) of this section in determining the

## CONCLUSION

For the foregoing reasons, the Commissioner's decision that plaintiff was not disabled is not supported by substantial evidence and is therefore reversed. Defendant's motion for judgment on the pleadings (Dkt.# 9) is denied, and plaintiff's motion for summary judgment (Dkt.# 11) is granted. The case is remanded, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), for immediate calculation of benefits.

IT IS SO ORDERED.

weight to give the opinion. We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).