**Crescencio RODRIGUEZ, Plaintiff,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant.**

**No. 01–CV–6308L.**

United States District Court, W.D. New York.

June 28, 2002.

Crescencio Rodriguez, Rochester, NY, Pro se.

Christopher V. Taffe, United States Attorney Office, Rochester, NY, for Defendant.

### DECISION AND ORDER

LARIMER, Chief Judge.

### INTRODUCTION

This is an action brought pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to review the final determination of the Commissioner of Social Security ("the Commissioner") that plaintiff was not disabled under the Social Security Act, and therefore, was not entitled to disability benefits. The Commissioner has moved for an order remanding the case for rehearing pursuant to the fourth sentence of 42 U.S.C. § 405(g) because the Administrative Law Judge ("ALJ") failed to apply the correct legal standards, and failed to consider the opinion of plaintiff's treating physician, Dr. Laurie Donohue, or to obtain additional information from her. Plaintiff has not opposed the Commissioner's motion. For the following reasons, the Commissioner's motion to remand this matter for further

development of the administrative record is granted.

### PROCEDURAL BACKGROUND

Plaintiff Cresencio Rodriguez ("Rodriguez") applied for Social Security Disability on September 23, 1998, and for SSI benefits on August 26, 1998. (Tr. 256–259).[1] His application was denied initially and on reconsideration. (Tr. 51, 52). Plaintiff requested a hearing before an ALJ, and a hearing was held on January 26.2000. (Tr. 32–50). The ALJ decided that plaintiff was not entitled to benefits and denied plaintiff's claim on February 23, 2000. (Tr. 13–29). The ALJ's decision became the Commissioner's final decision on April 19, 2001 when the Appeals Council denied plaintiff's request for review. (Tr. 7). Plaintiff commenced this action on June 14, 2001, seeking review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

### FACTUAL BACKGROUND

Rodriguez was born on August 12, 1952 in Puerto Rico. (Tr. 145, 36). He remained in school through the ninth grade, and has since acquired a GED. (Tr. 39, 16). Rodriguez has been in the United States since 1990, and has vocational experience as a "grinder," security guard, paver, and "animal screener" on a farm. (Tr. 37, 39). He speaks English, but often has often been accompanied to medical examinations and Social Security proceedings by an interpreter. (Tr. 19–20). His command of the language has been described as "somewhat of a barrier" by one of his physicians. (Tr. 166). In 1993, he injured his back while lifting a pallette, and has since complained of chronic back and leg pain. (Tr. 58, 28). In July, 1998, Rodriguez alleges that the pain became such that he could no longer

---

1. "Tr.__" refers to the page of the transcript of the Administrative Record filed by the Commissioner with her Answer.

work, and since then has not been gainfully employed. (Tr. 37). According to Rodriguez, he spends most of his days either sleeping, lying down or watching television. (Tr. 43). He alleges that pain radiates from his bladder[2] to his legs, which then sometimes "fall asleep." (Tr. 44). He has a license, but has difficulty driving. (*Id.*)

The medical records contained in the file paint a sketchy picture of Rodriguez's back pain stemming from the 1993 injury. Most of Rodriguez's medical care has been provided by his primary care physician, Laurie Donohue, M.D. (Tr. 45, 189–219). Rodriguez also began treatment with chiropractor E. Daniel Quaro, D.C. in June, 1998. (Tr. 150). Dr. Donohue opined on at least two occasions that Rodriguez's condition prevented him from returning to work. (Tr. 189,196). However, Dr. Donohue wrote that she could not locate a cause for the pain complained of by Rodriguez, and that "all studies [were negative]." (Tr. 189, 192). Dr. Quaro[3] noted that Rodriguez had no muscle spasms, and had intact reflexes during his examinations. (Tr. 150). Further, he remarked "I can find no physical, orthopedic, or neurological reason to keep this patient from working. I suspect a high degree of symptom modification." (Tr. 151). Thomas Rodenhouse, M.D., who consulted with patient between January 14, 1998 and August 17, 1998, noted that an MRI revealed bulging of the L5 disc with no evidence of disc herniation, spinal stenosis, or foraminal narrowing. (Tr. 156). Similarly, a CT scan revealed mild degenerative changes and no evidence of disc herniation or nerve root compression. (*Id.*).

Jaimala Thanik, M.D. noted that the source of Rodriguez's pain was unclear (Tr. 166), but advised him to return to work at his previous employment on a reduced schedule. (Tr. 164). Nagendra Nadraja, M.D., who treated Rodriguez for right thigh lipoma and performed surgery to remove it (Tr. 181–186) noted he could squat as well as toe, heel and tandem walk. (Tr. 183). She assessed no limitations on lifting/carrying, pushing/pulling, standing/walking or sitting. (Tr. 185–186). Karl Auerbach, M.D. conducted a consultive orthopedic examination and evaluation at the request of the Commissioner. He opined that symptom magnification existed, and that plaintiff could lift up to twenty-five pounds, walk for six hours in an eight hour workday, and sit as long as needed provided he could stand and stretch. (Tr. 170–171).

Based on the evidence before him, the ALJ denied benefits, noting "the claimant has the residual functional capacity to perform a full range of light work." (Tr. 21). He also noted that "there is no objective evidence for such limitations beyond the claimant's own complaints of pain and limitation." (Tr. 18). Finally, the ALJ explained "based on an exertional capacity for light work, and the claimant's age, education and work experience, a finding of 'not disabled' is directed by medical vocational rules 202.18 and 202.20." (Tr. 21).

## DISCUSSION

◼ The only issue to be determined by this Court is whether the Commissioner applied the correct legal standard. *See Tejada v. Apfel,* 167 F.3d 770, 773 (2d. Cir.1999); *see also Townley v. Heckler,* 748 F.2d 109, 112 (2d Cir.1984) ("[f]ailure to apply the correct legal standards is

---

**2.** The administrative record indicates that prior to plaintiff's back injury, he repeatedly complained and sought treatment for problems with his bladder.

**3.** Dr. Quaro treated plaintiff from June 29, 1998 until August 7, 1998. Treatment occurred three times a week.

grounds for reversal"). This Court agrees with the Commissioner that the administrative decision in this case is legally deficient.

Defendant maintains that the ALJ incorrectly stated that plaintiff's treating physician, Dr. Donohue, offered no specific opinion on the plaintiff's ability to perform work related activities, (Tr. 17–18; Defendant's Memorandum of Law, p. 4, Dkt. # 8) when in fact she did opine that his condition prevented him from returning to work. (Tr. 189, 196). Moreover, the ALJ failed to evaluate Dr. Donahue's opinions, or attempt to integrate them into his ultimate finding that the plaintiff retained a residual functional capacity ("RFC") for light work. Indeed, the Commissioner concedes that "the ALJ unfortunately did not completely fulfill his affirmative obligation to consider and address all the evidence of record." Defendant's Memorandum of Law, p. 4, Dkt. # 8.

■ While it may be that no specific clinical or objective tests are contained within the record to support Dr. Donohue's opinion, an ALJ cannot reject a treating physician's diagnosis without first attempting to fill any clear gaps in the administrative record. *See Schaal v. Apfel,* 134 F.3d 496, 505 (2d. Cir.1998) ("[E]ven if the clinical findings were inadequate, it was the ALJ's duty to seek additional information from [the treating physician] *sua sponte.*"). The ALJ's failure to consider Dr. Donohue's opinion or to supplement the record concerning plaintiff's condition was legal error, and remand is the appropriate avenue to give the Commissioner the opportunity to correct that error. *See Downs v. Apfel,* 9 F.Supp.2d 230, 233 (W.D.N.Y.1998) (remanding matter for further proceedings including consideration of treating physician's opinion).

Notwithstanding the admitted deficiencies of the ALJ's decision, there is sufficient disagreement between the physicians who examined plaintiff as to his RFC for light work. Therefore, this Court is not persuaded that there is but one conclusion in this matter. Upon close scrutiny of the present record, this Court cannot say with certainty that no purpose would be served by remand, or that plaintiff is clearly entitled to disability benefits. As such, remand for calculation of benefits is inappropriate at this time.

It is indeed regrettable that this decision to remand for further administrative proceedings will delay the ultimate resolution of this case. Nonetheless, the failure of the ALJ to properly analyze this case and consider the opinion of plaintiff's treating physician compels this Court to return this matter to the Commissioner for further development of the record.

### CONCLUSION

For the foregoing reasons, the Commissioner's decision is reversed. Defendant's unopposed motion to remand this case for further administrative proceedings pursuant to 42 U.S.C. §§ 405(g) (Dkt. # 8) is granted.

IT IS SO ORDERED.