ELIZABETH A. WOLFORD, United States District Judge
INTRODUCTION
Represented by counsel, Plaintiff John Arthur Herb ("Plaintiff") brings this action pursuant to Title XVI of the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner," or "Defendant") denying his application for supplemental security income ("SSI"). (Dkt. 1). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (Dkt. 10; Dkt. 14), and Plaintiff's reply (Dkt. 15). For the reasons discussed below, Plaintiff's motion (Dkt. 10) is granted in part, the Commissioner's motion (Dkt. 14) is denied, and the matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order.
BACKGROUND
Plaintiff protectively filed his application for SSI on December 20, 2010. (Dkt. 7 at 20, 80).[1] In his application, Plaintiff alleged disability beginning August 6, 2003, due to severe depression, anxiety, personality disorder, and "not otherwise specified" mental disorders. (Id. at 20, 130, 148, 532). Plaintiff's application was initially denied on April 26, 2011. (Id. at 20, 81-84). At Plaintiff's request, a hearing was held before administrative law judge ("ALJ") Bruce R. Mazzarella in Buffalo, New York, on September 5, 2012. (Id. at 20, 33-79). On October 15, 2012, the ALJ issued an unfavorable *444 decision. (Id. at 17-28). Plaintiff requested Appeals Council review; his request was denied on January 15, 2014, making the ALJ's determination the Commissioner's final decision. (Id. at 7-9).
Thereafter, Plaintiff appealed his case to the United States District Court for the Western District of New York, and on May 12, 2015, the Court issued a Decision and Order remanding the case to the Commissioner for further administrative proceedings. (Id. at 599-617). A second administrative hearing was held before ALJ Timothy M. McGuan in Buffalo, New York, on September 22, 2017. (Id. at 532, 559-78). On January 19, 2018, the ALJ issued an unfavorable decision. (Id. at 529-50). This action followed.
LEGAL STANDARD
I. District Court Review
"In reviewing a final decision of the [Social Security Administration ("SSA") ], this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." Talavera v. Astrue , 697 F.3d 145, 151 (2d Cir. 2012) (quotation omitted); see also 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Moran v. Astrue , 569 F.3d 108, 112 (2d Cir. 2009) (quotation omitted). It is not the Court's function to "determine de novo whether [the claimant] is disabled." Schaal v. Apfel , 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted); see also Wagner v. Sec'y of Health & Human Servs. , 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not de novo and that the Secretary's findings are conclusive if supported by substantial evidence). However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." Byam v. Barnhart , 336 F.3d 172, 179 (2d Cir. 2003) (citing Townley v. Heckler , 748 F.2d 109, 112 (2d Cir. 1984) ).
II. Disability Determination
An ALJ follows a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. See Bowen v. City of New York , 476 U.S. 467, 470-71, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986). At step one, the ALJ determines whether the claimant is engaged in substantial gainful work activity. See 20 C.F.R. § 416.920(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, in that it imposes significant restrictions on the claimant's ability to perform basic work activities. Id. § 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does have at least one severe impairment, the ALJ continues to step three.
At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). Id. § 416.920(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (id. § 416.909), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or *445 mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. See id. § 416.920(e).
The ALJ then proceeds to step four and determines whether the claimant's RFC permits the claimant to perform the requirements of his or her past relevant work. Id. § 416.920(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. Id. § 416.920(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of the claimant's age, education, and work experience. Rosa v. Callahan , 168 F.3d 72, 77 (2d Cir. 1999) (quotation omitted).
DISCUSSION
I. The ALJ's Decision
In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. § 416.920. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful work activity since December 20, 2010, the application date. (Dkt. 7 at 534).
At step two, the ALJ found that Plaintiff suffered from the severe impairments of: major depressive disorder ; anxiety disorder; personality disorder; attention deficit/hyperactivity disorder (ADHD); and schizoid personality disorder. (Id. ). The ALJ further found that Plaintiff's medically determinable impairments of acne, hypertension, sleep apnea, fullness of supraclavicular fossa, fatty liver infiltration, migraines, and history of substance abuse were non-severe. (Id. ).
At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any Listing. (Id. ). The ALJ particularly considered the criteria of Listings 12.04, 12.05, 12.06, 12.08, and 12.11 in reaching his conclusion. (Id. at 535-37).
Before proceeding to step four, the ALJ determined that Plaintiff retained the RFC to perform a full range of work at all exertional levels, with the additional limitations that Plaintiff:
can only occasionally interact with the public; can frequently interact with coworkers and supervisors; and can occasionally understand, remember, and carry out complex and detailed tasks.
(Id. at 537). At step four, the ALJ found that Plaintiff had no past relevant work. (Id. at 548).
At step five, the ALJ relied on the testimony of a vocational expert ("VE") to conclude that, considering Plaintiff's age, education, work experience, and RFC, there were jobs that exist in significant numbers in the national economy that Plaintiff could perform, including the representative occupations of cleaner and mail room clerk. (Id. at 549). Accordingly, the ALJ found that Plaintiff was not disabled as defined in the Act. (Id. at 549-50).
II. Remand of this Matter for Further Proceedings is Necessary
Plaintiff asks the Court to reverse or, in the alternative, remand this matter to the Commissioner, arguing: (1) the ALJ erred by failing to address the opinion of Sandra Jensen, Ph.D., that Plaintiff had mild-to-moderate limitations for making decisions and dealing with stress, and failed to incorporate these limitations into the RFC; (2)
*446 the ALJ erred in evaluating Plaintiff's subjective complaints; and (3) the ALJ improperly evaluated the psychometric testing conducted by Gary DiNezza, Ph.D. and Gwendoline Lander, M.A. (Dkt. 10-1 at 12-20). For the reasons set forth below, the Court finds that the ALJ erred by failing to explain how Plaintiff's limitations for making appropriate decisions and appropriately dealing with stress are incorporated into the RFC. This error necessitates remand for further proceedings.
A. Assessment of Dr. Jensen's Opinion
Plaintiff underwent an examination by Dr. Jensen, a consultative examiner, on March 22, 2011. (Dkt. 7 at 314-18). At the examination, Plaintiff reported that "[h]e feels worthlessness, concentration difficulties, social withdrawal, isolation, and self-mutilation," and that he "stares a lot and obsesses about things." (Id. at 315). Dr. Jensen noted that Plaintiff's anxiety-related symptoms "include excessive apprehension and worry." (Id. ). After a mostly normal mental status examination, Dr. Jensen opined that Plaintiff:
is able to follow and understand simple directions and instructions, perform simple tasks independently, maintain attention and concentration, maintain a regular schedule, learn new tasks, and perform complex tasks independently within normal limits. His ability to make appropriate decisions, relate adequately with others, and appropriately deal with stress would be mildly to moderately impaired because of psychiatric issues.
The results of the present examination appear to be consistent with psychiatric issues that do appear to interfere with his ability to function on a daily basis to some degree.
(Id. at 317). Dr. Jensen also found that Plaintiff "needs a relatively high level of psychiatric intervention at this point and to be on medications that help him better. He would benefit from cognitive behavioral therapy to manage his mood and then have vocational training and rehabilitation." (Id. at 318).
The ALJ gave "great weight" to Dr. Jensen's opinion, based on Dr. Jensen's personal examination of Plaintiff, for which objective testing was largely unremarkable. (Id. at 547-48). The ALJ further found that Dr. Jensen's opinion was consistent with other evidence in the record, including Plaintiff's GAF scores of 65-69, which are consistent with only mild symptoms, as well as the recommendations of Drs. Reyes and Gokhale that Plaintiff had mild symptoms and should seek vocational counseling and be more active. (Id. ). The ALJ explained that he gave Plaintiff "some benefit of the doubt" in limiting him to low public contact work and the occasional performance of complex tasks.
Plaintiff contends that, despite giving Dr. Jensen's opinion "great weight," the ALJ failed to address, or incorporate into the RFC, Dr. Jensen's opinion that Plaintiff had mild-to-moderate limitations for making appropriate decisions and appropriately dealing with stress. In response, Defendant argues that the RFC accounts for Plaintiff's mild-to-moderate difficulties with decision making and dealing with stress, as the RFC includes "several social limitations," and limits Plaintiff "to only occasionally understanding, remembering, and carrying out complex and detailed tasks." (Dkt. 14-1 at 24). Accordingly, the issue is whether the RFC, which limits Plaintiff to occasional interaction with the public, frequent interaction with coworkers and supervisors, and occasional understanding, remembering, and carrying out of complex and detailed tasks, accounts *447 for his mild-to-moderate limitations in decision-making and dealing with stress.[2]
"Because stress is highly individualized, mentally impaired individuals may have difficulty meeting the requirements of even so-called low-stress jobs, and the Commissioner must therefore make specific findings about the nature of a claimant's stress, the circumstances that trigger it, and how those factors affect his [or her] ability to work." Collins v. Colvin , No. 15-CV-423-FPG, 2016 WL 5529424, at *3, 2016 U.S. Dist. LEXIS 135900 at *7-8 (W.D.N.Y. Sept. 30, 2016) (internal quotations and citations omitted). Accordingly, "[a]n ALJ is required to specifically inquire into and analyze a claimant's ability to manage stress." Id. at *8. "An ALJ's failure to explain or account for stress limitations in the RFC-particularly when opined by an acceptable medical source given great weight-is an error that requires remand." Cooley v. Berryhill , No. 6:16-CV-06301-EAW, 2017 WL 3236446, at *12, 2017 U.S. Dist. LEXIS 119731 at *37 (W.D.N.Y. July 31, 2017) ; see also Booker v. Colvin , No. 14-CV-407S, 2015 WL 4603958, at *3, 2015 U.S. Dist. LEXIS 99805 at *9-10 (W.D.N.Y. July 30, 2015) ("Given the evidence outlined above and the considerations articulated in SSR 85-15, this Court finds that the ALJ's failure to explain the 'low-stress' limitations included in the MRFC is an error that requires remand.").
The Court is cognizant that, even without explicitly referencing a stress limitation, an RFC determination may adequately account for a claimant's stress-related limitations. For example, an RFC limiting a plaintiff to occasional interaction with co-workers and the public, and to the performance of simple, routine tasks, may account for the plaintiff's stress-related limitations. See Ridosh v. Berryhill , No. 16-CV-6466L, 2018 WL 6171713, at *, 2018 U.S. Dist. LEXIS 199661 at *9 (W.D.N.Y. Nov. 26, 2018) ; see also Moxham v. Comm'r of Soc. Sec. , No. 3:16-CV-1170 (DJS), 2018 WL 1175210, at *10, 2018 U.S. Dist. LEXIS 35157 at *29 (N.D.N.Y. Mar. 5, 2018) (limitation to "simple tasks and instructions, decisions on simple work-related matters, and frequent interaction with others" adequately accounted to the plaintiff's stress-related limitations); Cosme v. Colvin , No. No. 15-CV-6121P, 2016 WL 4154280, at *13, 2016 U.S. Dist. LEXIS 103352 at *39-40 (W.D.N.Y. Aug. 5, 2016) (the RFC, which "explicitly required positions involving unskilled work that did not require any contact with coworkers or the public and only limited contact with supervisors" adequately accounted for any limitations dealing with stress). The RFC formulated by the ALJ in this case is not so generous. The RFC does not limit Plaintiff to simple work or routine tasks; rather, the RFC requires Plaintiff to occasionally understand, remember, and carry out complex and detailed tasks. Further, while the RFC limits Plaintiff to occasional interaction with the public, it requires him to "frequently" interact with co-workers and supervisors.
While the RFC, which contains some social limitations, appears to account for Dr. Jensen's opinion that Plaintiff has mild-to-moderate difficulty relating adequately with others, the Court concludes *448 that the RFC does not account for Plaintiff's decision-making or stress-related limitations as they are defined by Dr. Jensen. "It is plainly improper for an ALJ to cherry-pick evidence that supports a finding of not-disabled while ignoring other evidence favorable to the disability claimant." Starzynski v. Colvin , No. 1:15-cv-00940(MAT), 2016 WL 6956404, at *3, 2016 U.S. Dist. LEXIS 164444 at *8 (W.D.N.Y. Nov. 29, 2016). Despite giving "great weight" to Dr. Jensen's opinion, and thereby finding her assessment regarding Plaintiff's limitations for handling stress and making decisions credible, the ALJ failed to explain how these limitations are incorporated into the RFC. For example, although Dr. Jensen's report noted that Plaintiff has anxiety-related symptoms and "obsesses about things," the RFC requires Plaintiff to occasionally understand, remember, and carry out complex and detailed tasks. It is unclear to the Court how limiting Plaintiff to the occasional performance of complex tasks addresses Plaintiff's stress-related issues, and the written determination does not contain any explanation on this point. Further, the RFC includes no limitations addressing Plaintiff's difficulty making appropriate decisions. In other words, "[w]hile it may be reasonable for an ALJ to account for a stress-based limitation by including, in the claimant's RFC, restrictions to simple work, with little interaction with others ... [i]t is not the function of this Court to ... supply its own rationale where the ALJ's decision is lacking or unclear." Stellmaszyk v. Berryhill , No. 16cv09609 (DF), 2018 WL 4997515, at *28, 2018 U.S. Dist. LEXIS 170357 at *84 (S.D.N.Y. Sept. 28, 2018) (internal quotations and citations omitted) (second alteration in original).
Defendant further contends that "the jobs the ALJ found Plaintiff could perform as the basis of his denial of benefits are both unskilled jobs suitable for claimants with limitations to even low stress work." (Dkt. 14-1 at 26). The ALJ found that Plaintiff could perform the jobs of cleaner and mail room clerk. (Dkt. 7 at 549). However, as explained above, "[b]ecause stress is highly individualized, mentally impaired individuals may have difficulty meeting the requirements of even so-called low-stress jobs, and the Commissioner must therefore make specific findings about the nature of a claimant's stress, the circumstances that trigger it, and how those factors affect his [or her] ability to work." Collins, 2016 WL 5529424, at *3, 2016 U.S. Dist. LEXIS 135900, at *7-8. Those specific findings are missing from the ALJ's written determination and therefore, based on the record before the Court, it is unclear whether Plaintiff could perform the occupations of cleaner and mail room clerk, considering his particular stress-related limitations. See id. at *9-10 ("It is important to note that limiting [the plaintiff] to unskilled work did not satisfy the ALJ's obligation to specifically analyze her ability to deal with stress.").
Accordingly, remand is required. See Cooley, 2017 WL 3236446, at *, 2017 U.S. Dist. LEXIS 119731, at *38. On remand, the ALJ should fully consider the opinions in the record relating to Plaintiff's limitations for handling stress and making decisions and, should the ALJ give those opinions great weight, he is directed to explain how the RFC incorporates those specific limitations.
B. Plaintiff's Remaining Arguments
As set forth above, Plaintiff has identified additional reasons why he contends the ALJ's decision was not supported by substantial evidence. However, because the Court has already determined, for the reasons previously discussed, that remand of this matter for further administrative proceedings is necessary, the Court declines to reach these issues. See, e.g. , *449 Bell v. Colvin , No. 5:15-CV-01160 (LEK), 2016 WL 7017395, at *10, 2016 U.S. Dist. LEXIS 165592 at *32 (N.D.N.Y. Dec. 1, 2016) (declining to reach arguments "devoted to the question whether substantial evidence supports various determinations made by [the] ALJ" where the court had already determined remand was warranted); Morales v. Colvin , No. 13cv06844 (LGS) (DF), 2015 WL 13774790, at *23, 2015 U.S. Dist. LEXIS 58236 at *80 (S.D.N.Y. Feb. 10, 2015) (the court need not reach additional arguments regarding the ALJ's factual determinations "given that the ALJ's analysis may change on these points upon remand"), adopted , 2015 WL 2137776, 2015 U.S. Dist. LEXIS 58203 (S.D.N.Y. May 4, 2015).
CONCLUSION
For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Dkt. 10) is granted to the extent that the matter is remanded for further administrative proceedings. Defendant's motion for judgment on the pleadings (Dkt. 14) is denied. The Clerk of Court is directed to enter judgment and close this case.
SO ORDERED.

When referencing the page number(s) of docket citations in this Decision and Order, the Court will cite to the CM/ECF-generated page numbers that appear in the upper righthand corner of each document.

The Court notes that Christine Ransom, Ph.D., a consultative examiner, examined Plaintiff on September 10, 2015, and found that he had "mild difficulty" for appropriately dealing with stress, due to major depressive disorder and panic disorder with agoraphobia. (Dkt. 7 at 745-48). Dr. Ransom's report notes that Plaintiff experienced panic attacks followed by a depressed mood. (Id. at 745). The ALJ gave Dr. Ransom's opinion "great weight." (Id. at 547-48).